(No. 19354.—

THE EAST ST. LOUIS DAILY JOURNAL COMPANY, Defendant in Error, *vs.* THE COUNTY OF ST. CLAIR, Plaintiff in Error.

*Opinion filed October 19, 1929.*

H. C. LINDAUER, State's Attorney, (F. J. TECKLENBURG, of counsel,) for plaintiff in error.

D. E. KEEFE, (KEEFE & LISTEMAN, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The assessment lists of real and personal property for the townships of Canteen, Centerville, East St. Louis and Stites, in St. Clair county, for the year 1927, were published in the *East St. Louis Daily Journal* on July 11 and 18, 1927. The East St. Louis Daily Journal Company, a corporation, the publisher of the newspaper, claimed the county owed it, for the publication of these lists, the sum of $8940.20. On October 1, 1927, the board of supervisors of the county allowed the claim to the extent of $6125.80 and disallowed the balance of $2814.40. The company appealed to the circuit court of St. Clair county, and that court, upon a trial without a jury, rendered a judgment in favor of the plaintiff for the disputed portion of the claim. The county prosecutes this writ of error asserting that the validity of the statute, pursuant to which the publications were made, is involved in the case.

The evidence discloses that the assessment lists were prepared in the office of the board of assessors of St. Clair

county before June 25, 1927, and were delivered to the defendant in error in ample time to have permitted their publication on or prior to July 10, 1927, the last day fixed therefor by the statute. In *Belleville Advocate Printing Co.* v. *County of St. Clair,* (*ante,* p. 359,) recovery upon a claim for the publication of assessment lists made subsequently to the time limited by the statute for that purpose, was denied. The opinion filed in that case shows that the defendant in error in the instant case has no cause of action and that the circuit court erred in rendering judgment for the portion of the claim disallowed by the board of supervisors. Consideration of the constitutional questions raised by the plaintiff in error is therefore unnecessary.

The judgment of the circuit court is reversed.

*Judgment reversed.*