(No. 19355.—

THE D. L. LEE PUBLISHING COMPANY, Defendant in Error, *vs.* THE COUNTY OF ST. CLAIR, Plaintiff in Error.

*Opinion filed October 25, 1930.*

H. C. LINDAUER, State's Attorney, (F. J. TECKLEN-BURG, of counsel,) for plaintiff in error.

PRESTON K. JOHNSON, and GREEN & PALMER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

The board of supervisors of St. Clair county allowed to defendant in error, the D. L. Lee Publishing Company, $319.50 on its claim of $571.80 for printing the lists of assessments for taxation for the year 1927 of Lenzburg and Marissa townships, in said county. The list of Lenzburg township consisted of 1847 lines at ten cents per line, amounting to $184.70, and the list for Marissa township consisted of 3871 lines at ten cents per line, amounting to $387.10. Defendant in error appealed to the circuit court of St. Clair county from the order of the county board disallowing the balance of the bill, there was a hearing before the court without a jury, a judgment was entered against plaintiff in error for $252.30, and this writ of error is sued out to review the record.

The question in this case is whether defendant in error is entitled to pay for publishing the lists at the rate of ten cents per line, as provided in the 1927 amendment of section 29 of the act of 1898 for the assessment of property and providing the means therefor, amended June 21, 1919, June 30, 1923, and June 30, 1927, or whether it is entitled to pay at the rate in force prior to the amendment of 1927. Defendant in error contends that it is entitled to recover at the rate of ten cents per line under section 29 as amended in 1927. Plaintiff in error contends that the amendments of 1923 and 1927 are unconstitutional; that the only authority of the county to publish the lists was under section 29 as amended in 1919; that under that section there was no authority to publish in a newspaper but the publication should have been in pamphlet form, as the county had a population of over 125,000 at the time the lists were pub-

lished; that if the section as amended in 1923 is valid the rights of the parties to contract for the publication is under that amendment, and that defendant in error has been paid all that it could contract for or recover under that section and the judgment should be reversed.

Similar writs of error were sued out by the county against the Belleville Advocate Printing Company (336 Ill. 359,) and the East St. Louis Daily Journal Company (336 Ill. 438,) on judgments awarded in separate suits against the county for money claimed to be due for publishing other township assessment lists. In each case the trial was before the court without a jury, the same defense was interposed in each of the three cases, and the errors assigned were identical. In the other cases the judgments were reversed, and it was held that the lists in those cases were received by the plaintiffs in ample time to have been published before July 10, the time specified in the statute for their publication, and having failed to do so, and having failed to perform the contract according to law, and no good and legal reason having been shown for such failure, they were not entitled to recover the balance for which suits were brought.

The date of the publication in the case at bar is different from the dates of the publication in the other two cases. The evidence shows that the list for Lenzburg township was mailed to defendant in error by the chief clerk of the board of assessors on June 2, 1927. On June 6, 1927, defendant in error acknowledged receipt of the list and made inquiry by mail whether the list was to be published during the week of June 6. It was advised by mail by the board of assessors on June 7 that the publication of the Lenzburg list was to be made during the week of June 6 and the publication of the Marissa list was to be made during the week of June 13. Defendant in error did not make publication as directed but did make publication of the lists of both townships on July 7. The amendment of 1927 to section 29

raising the price of publications to ten cents per line was passed on June 30, 1927, and was approved by the governor on July 7, 1927.

In the *Belleville Printing Co. case* it was held that while it is elementary that a contract should be construed and its validity determined under the law in existence at the time the contract was made, the law is that where the rate of compensation for an official publication is fixed by statute, such rate of compensation may, after a contract therefor is made with the newspaper, be modified by a subsequent statute passed before any printing is done under the contract. Under this authority, the compensation having been increased by the amendment of 1927 before any printing was done under the contract and the lists having been printed before July 10, the date fixed by statute, defendant in error was entitled to recover under the new rate unless there are some reasons to the contrary.

Plaintiff in error insists that sections 29 and 58 of the Revenue act of 1898, as amended in 1923, are in violation of the constitution, and that the legislature was without authority to provide for the continuation of an elected board of assessors and board of review in counties containing less than 250,000 and more than 125,000 inhabitants. The question of the constitutionality of these amendments is not properly before this court. It has been uniformly held that a constitutional question cannot be urged in this court unless the question was in some way presented to the trial court. (*Phelps* v. *Board of Appeals*, 325 Ill. 625.) Plaintiff in error submitted four written propositions of law to the trial court, all of which were refused. The second one was that the amendment of section 29 approved July 7, 1927, violates section 2 of article 2 of the State constitution, and the third one was that the amendment violates section 22 of article 4 of the constitution. The only evidence of what questions of law were raised in the trial court is in the propositions of law submitted. The question

of the constitutionality of the amendment of 1923 is not included in the propositions submitted, and it is therefor not properly before this court.

It is insisted that the board of assessors could only publish the lists in pamphlet form and not in a newspaper. The statutory provision that in counties of 250,000 or more inhabitants the publication of assessment lists shall be in pamphlet form applies only to the complete list of real estate which is made every four years and does not apply to personal assessment lists. Even if it did apply to personal assessment lists, plaintiff in error is in no position to question even the real estate list because it has not abstracted the exhibit showing the publication, and it is impossible to tell from the abstract what part of the bill was for real estate and what part was for personal assessments.

The claim that the 1927 amendment of section 29 is unconstitutional is on the ground that it deprives plaintiff in error of its property without due process of law; that it requires the payment of ten cents a line for publishing assessment lists, while counties having over 250,000 inhabitants have the benefit of competitive bidding; that it deprives plaintiff in error of the right of contract with respect to its property and is unreasonable, arbitrary and void, and that it is an attempt to regulate the assessment affairs of St. Clair county differently from the manner in which such affairs are regulated in other counties of the State. The 1923 amendment to section 29 provided that the newspaper publishing the list should not receive to exceed five cents per name of each person or corporation assessed and ten cents for each description of real estate, and if it was impossible to secure publication at that price, that the publication be let to the lowest bidder at a price not exceeding five cents per tract, to be printed in pamphlet form. The 1927 amendment makes a straight rate of ten cents per line. The publication of assessment lists is a matter of public interest, including the county as a govern-

mental agency. Various rates have been created by statute since the Revenue act of 1898 was passed. The legislature, and not the court, has the right to fix the rate. The change to ten cents per line is not so unreasonable as to render section 29, as amended in 1927, unconstitutional.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*