George Craig Stewart, Bishop, Deceased. Wallace Edmonds Conkling, Bishop, Appellant, v. Arthur T. McIntosh, Appellee.

Gen. No. 42,074.

Heard in the first division of this court for the first district at the December term, 1941. Opinion filed October 30, 1942. Rehearing denied November 12, 1942.

MASON & MASON, of Chicago, for appellant; GEORGE A. MASON, of Chicago, of counsel.

BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, of Chicago, for appellee; RAYMOND H. SCHULTZ, VICTOR HEDBERG and DAVID C. KENYON, all of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This controversy had been before us on a former appeal. (291 Ill. App. 65.) There the action was

brought by George Craig Stewart, as Bishop. The present plaintiff, Bishop Conkling, is his successor. In our opinion in the former case the facts are stated.

There the plaintiff sought to recover upon the theory that defendants, by blank indorsements made on certain writings, which were neither negotiable instruments nor promissory notes, had become obligated to pay the amount stated in these writings. The trial court held the plaintiff could not recover on these indorsements and we affirmed the judgment. Plaintiff petitioned the Supreme Court for leave to appeal, which was denied. (291 Ill. App. xli.)

Thereafter Bishop Conkling, plaintiff, began this suit to recover payment upon what is claimed to be a different theory from that presented in the prior case. The present case was tried in the circuit court without a jury and judgment was for the defendant McIntosh, and plaintiff appeals. The evidence on this trial was the same as that on the prior trial.

Defendant says, among other things, that the final judgment in the prior case is a complete and effective bar to any recovery by the plaintiff in the present case, citing *Godschalck v. Weber*, 247 Ill. 269, 274, where the rule is stated that the doctrine of *res judicata* "extends not only to the questions which were actually decided in the former case, but to the whole controversy,— to all matters properly involved which might have been raised and determined, and to all grounds of recovery or defense which the parties might have presented, whether they did so or not." Other cases are to the same effect. Plaintiff seeks to come under exceptions to this rule, such as were successfully invoked in *Austin v. First Trust & Savings Bank*, 343 Ill. 406, but examination of the opinion in that case shows that different facts were considered than those presented in the instant case.

Even if the rule of *res judicata* did not apply, the theory now presented, which plaintiff says is new, does

not support his claim. Plaintiff relies upon an application for a loan of $30,000 presented by McIntosh and Hannah to the State Bank of Chicago. This loan, as stated in our former opinion, was to pay a prior mortgage indebtedness of $30,000 which matured May 1, 1928. The value of the lot was placed at $75,000,—no value on the improvement. Plaintiff's argument seems to be that when this application for a loan was presented to the bank and accepted by it, and the note and trust deed subsequently purchased by the Bishop's Benevolent Fund, defendant became obligated to pay "the loan indebtedness" to plaintiff, and that the note dated May 1, 1928 for $30,000, signed by Chicago Title & Trust Co., as trustee, with the trust deed, was collateral to secure this payment. Plaintiff's brief says: "...the plaintiff is the bona fide owner of the loan indebtedness and is the pledgee of the collateral notes and trust deed securing the loan." We are of the opinion that a complete answer to this is the fact, as shown by the record, that when the application for the loan was made and consummated, May 1, 1928, plaintiff had no account with the State Bank of Chicago and did not have any account until many months thereafter, namely February 11, 1929. The obligation to pay ran to the bank and not to plaintiff, who did not come into the picture until later.

As stated in our former opinion, the note and trust deed were signed by the Chicago Title & Trust Co., as trustee, and not by either McIntosh or Hannah. When the State Bank discharged the prior mortgages aggregating approximately $30,000 and received the new note and papers dated May 1, 1928, it made no entry in its books or records that it received any other assets than these papers, nor is it shown that the bank held the note and trust deed as collateral to any loan to Hannah or McIntosh. When the bank on May 1, 1928 received these papers they were transferred to the trust department of the bank and remained there as

part of the assets of the bank until they were sold by the bank to the Bishop.

When the Chicago Title & Trust Co., as trustee, executed the paper it was expressly provided therein that no liability should attach to the Chicago Title & Trust Co., either individually or as trustee, or to the beneficiaries of the trust, and the obligations were secured only by the premises conveyed in the trust deed. The note expressly provides: "In case of default in the payment of this note or of any instalment of interest the sole remedy of the holder hereof or of any of the interest coupons hereto attached shall be by foreclosure of the said trust deed."

These papers were carried by the bank in its bond department as an asset for many months, during all of which time the bank was the sole obligee, entitled to recover on the note and trust deed, with the limitations above stated. All the preliminaries were merged in the trust deed and note. There was no underlying loan obligation or any other obligation than contained in the provisions of these papers.

On February 11, 1929 Bishop Anderson, predecessor of plaintiff, delivered to the State Bank, as trustee, $150,000 with power to the trustee to invest and reinvest the same from time to time as good judgment might dictate. Two days thereafter, namely on February 13, 1929, the note and trust deed in question were purchased with funds from this Bishop's Benevolent Fund, so that on that date, for the first time, the Bishop's fund became the obligee of the indebtedness evidenced by these papers and subject to the limitations contained therein.

Defendant McIntosh was a beneficiary of the Chicago Title & Trust trust estate, and any liability on his part was expressly excluded by the terms of the trust deed and note in question. The law will not impose an implied obligation on any person contrary to an express undertaking. *Walker v. Brown*, 28 Ill.

378; *Ford v. McVay*, 55 Ill. 119; *Witkowsky v. Affeld*, 283 Ill. 557. This court has already discussed this point in a case where the theory of the plaintiff was virtually the same as the theory of the plaintiff in the present case. (*Jetzinger v. Metcoff*, 294 Ill. App. 616 (Abst.) In that case the beneficiaries of the trust had authorized and directed the trustee, which held the title, to execute the note, as in this case. It was there argued that the trustee in doing so was acting merely as the agent of the beneficiaries and that they were therefore liable. We held that by the written provisions of the note and trust deed personal liability was excluded. We hold that there is no implied obligation on the part of the defendant McIntosh, individually, by reason of the facts above stated.

Plaintiff complains of the action of the trial court in denying his motion to file an amended complaint. The matters sought to be incorporated in the amendment were merely a repetition of the claims already made, namely, that by reason of the facts and circumstances the defendant personally was liable. Moreover, the motion to amend was made after a full hearing of the case and after both parties had rested and the cause was submitted for decision and the parties were in the court to receive the decision. Under such circumstances the court properly denied plaintiff's motion.

We are of the opinion that the decision in the prior case is *res judicata* of all the points raised or which might have been raised; that even if the claim of an implied obligation of the defendant, individually, arising out of the circumstances above related could properly be made in the present case, the facts negative such obligation and such claim cannot prevail.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.