Wallace Edmonds Conkling, as Bishop of Protestant Episcopal Church in Diocese of Chicago, Appellant, v. Arthur T. McIntosh, Appellee.

Gen. No. 43,094.

Opinion filed December 11, 1944. Released for publication December 27, 1944.

Mason & Mason, of Chicago, for appellant; George A. Mason, of Chicago, of counsel.

BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, of Chicago, for appellee; VICTOR HEDBERG, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

April 30, 1943, plaintiff filed his complaint in chancery against Arthur T. McIntosh and other parties to foreclose the lien of a trust deed dated May 1, 1928, on certain real estate in Chicago made and executed by the Chicago Title & Trust Company, as trustee and not personally, under a trust agreement dated February 27, 1926, and known as trust No. 16289, conveying the premises to the State Bank of Chicago, a corporation. The trust deed was executed to secure the payment of a $30,000 note dated May, 1928, due 5 years after date, made by the Chicago Title & Trust Company, "as trustee as aforesaid and not personally." The note recites that it is executed pursuant to trust No. 16289 and "is payable only out of the property" described in the trust deed. "No personal liability shall be asserted or be enforcible against the promissor or any person interested beneficially or otherwise in said property . . . the sole remedy of the holder hereof . . . shall be by foreclosure of the said Trust Deed given to secure the indebtedness evidenced by this principal note." The prayer of the complaint was for a foreclosure of the mortgage in the usual form and that a decree be entered that McIntosh was personally liable.

McIntosh filed a disclaimer of interest in the property and a motion to strike certain parts of the complaint. Plaintiff filed a motion to strike the disclaimer. Afterward on November 16, 1943, on motion of counsel for complainant defendants, except McIntosh, were defaulted for want of appearance or answer. December 1, 1943, an order was entered which sustained defendant's motion to strike certain paragraphs of the complaint, overruled plaintiff's motion to strike the

disclaimer, sustained the disclaimer, dismissed the suit as to defendant McIntosh and overruled plaintiff's motion to file an amended complaint. The suit is still pending. Plaintiff appeals.

This is the third time this controversy has been before this court. In the first case, Bishop Stewart, who was the predecessor of Bishop Conkling, the present plaintiff, brought an action in the Superior court of Cook county against McIntosh and others, to recover on account of their irregular endorsement of the $30,000 note in suit. There was a finding and judgment in defendant's favor and plaintiff appealed to this court where the judgment was affirmed, 291 Ill. App. 65. Leave to appeal to the Supreme court was denied, 291 Ill. App. XLI. Afterward Bishop Stewart brought a second suit in the Circuit court of Cook county to recover payment of the $30,000 on a different theory from that presented in his first suit. That suit was predicated on the application for a loan for $30,000 presented by McIntosh and Hannah to the State Bank of Chicago and that the Bishop held the $30,000 note and trust deed as collateral to secure the payment of the $30,000. Bishop Stewart died and Bishop Conkling was substituted as plaintiff. The case was tried before the court without a jury, there was a finding and judgment in defendant's favor and plaintiff appealed to this court where, upon consideration, the judgment was affirmed, *Stewart v. McIntosh,* 316 Ill. App. 212, and leave to appeal to the Supreme court was denied, 316 Ill. App. XV.

The facts are stated in our two former opinions and need not be repeated here. In the instant case the facts as alleged in the complaint and exhibits attached, are substantially the same as on the first and second trials except that in the instant case it is alleged that by reason of the failure to pay the tax from 1927 to 1941, the property was sold; and it is further alleged that "by reason of the waste committed or permitted by the

defendants Arthur T. McIntosh and Alexander W. Hannah'' and the other covenants and agreements of the trust deed, the principal indebtedness and interest "has become and now is due and payable." In the first appeal to this court we pointed out that the Chicago Title & Trust Company, as trustee, at the request of McIntosh and Hannah, executed the $30,000 note and trust deed "not personally but as trustee" and the note "by its terms expressly provided in substance that neither the trustee nor any beneficiary of the trust should be personally liable  . . . , but that the principal amount named should be payable only out of the real estate conveyed by a trust deed;" that the obligations created by the note and trust deed "were secured only by the premises conveyed, every other liability being negatived in express terms." That the note expressly provided, "In case of default in the payment of this note or of any installment of interest the sole remedy of the holder hereof or of any of the interest coupons hereto attached shall be by foreclosure of the said trust deed." On the appeal of the second case we said: "The evidence on this trial was the same as that on the prior trial."

In the instant case, counsel for plaintiff in stating plaintiff's theory of the case say: "Plaintiff's theory is that Arthur T. McIntosh and Alexander W. Hannah were partners in certain real estate speculations and as such partners under Land Trust No. 16289 directed the Chicago Title and Trust Company, as trustee thereunder, to execute a note for $30,000 and to secure it by a trust deed conveying the property in question. . . .

"Plaintiff says that McIntosh and Hannah, or either of them, are personally liable for the debt and for any deficiency arising after foreclosure sale, on the theory that they assumed and promised to pay the mortgage debt and that the note is their distinct and separate promise to pay the said indebtedness.

"Plaintiff also says that McIntosh and Hannah as mortgagors in possession of the premises so wasted the premises described in the mortgage as to destroy the security for the debt, and thereby waived and abandoned their alleged right to exemption for personal liability for the payment of said debt." And further say: "Plaintiff does not seek to hold McIntosh and Hannah as endorsers and guarantors but as partners and makers of the mortgage papers." That "The mortgage papers were the personal obligations of McIntosh and Hannah. The exemptions cited in the notes and Trust Deed were not authorized by the Land Trust nor by either McIntosh or Hannah."

The note, trust deed and trust agreement are attached to and made a part of the complaint and the language of the documents must prevail in case there is any inconsistency between the allegations of the complaint and them. *Fetherston v. National Republic Bancorp.*, 280 Ill. App. 151. We think the exemptions recited in the notes and trust deed were authorized by the land trust agreement when the Chicago Title & Trust Co., as trustee under trust No. 16289 executed the note and trust deed at the request of McIntosh and Hannah. That trust agreement No. 16289 was executed by the Title & Trust Co. and the beneficiaries, Hannah and McIntosh, signed the declaration of trust to signify their assent to the terms of it. The document provides: "It is understood and agreed between the parties hereto, . . . that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided;" that the rights of the beneficiaries shall be deemed to be personal property. The document further provides that it is agreed by the parties and by any person who may hereafter become a party to the agreement that the trustee "will deal with said real estate only when authorized to do so in writing and

that it will . . . on the written direction of Alexander W. Hannah or Arthur T. McIntosh" or any subsequent beneficiary "make deeds for, or otherwise deal with the title to said real estate, provided, however, that the trustee shall not be required to enter into any personal obligation or liability" etc.

On May 1, 1928, McIntosh, in writing, requested the Trust Company to execute the note for $30,000, and the trust deed, to the State Bank of Chicago, securing the payment of it which constituted a lien on the real estate involved. The note is dated May 1, 1928, for $30,000, and recites that it is secured by trust deed of even date and that they were both executed by the trustee in the exercise of power and authority conferred upon the trustee under trust No. 16289. The trust deed of the same date is executed by the trustee to the State Bank of Chicago, in which it is agreed there is to be no personal liability of any one but that the real estate is the only security. That the trust deed is executed in accordance with the trust agreement; that in case of default in payment of the note, "the sole remedy of the holder hereof . . . shall be by foreclosure of the said Trust Deed." Under the provisions of the trust agreement, the note and the trust deed, we think it clear that the mortgage papers were not the personal obligations of McIntosh and Hannah and that they were not partners or makers of them.

Plaintiff further contends that "The beneficiaries wasted the security for the debt and are liable in damages to the extent of its diminution." And in support of this counsel say it is alleged in the complaint that McIntosh and Hannah "as partners and as beneficiaries of said land trust indenture and as mortgagors in possession of said real estate, wasted the property and impaired the security for said indebtedness, thereby changing their limited liability to a general liability and making themselves generally and individually liable to plaintiff." That the value of the property is not

more than $7,000; that at the time the trust deed and notes were executed the premises "were improved with two buildings containing two apartments and two stores but because of the waste committed or permitted by" McIntosh and Hannah, and "their gross, wilful and wanton negligence" in disregard of their duty to preserve the improvements for the benefit of the holder of the notes and trust deed, "said improvements deteriorated very rapidly in the several years subsequent to the execution of said trust deed and notes and to such an extent" that they were eventually razed and the premises are now vacant and of uncertain value. We think these allegations are insufficient to charge McIntosh or anyone else with waste within the legal meaning of that term. McIntosh was not obligated under the trust deed to keep the premises in good repair. He was not a party to the note or trust deed. The trust deed provided that in case the premises became in a bad state of repair so as to impair the security the payment of the debt might be accelerated and foreclosure had. The application for the loan of the $30,000 made to the State Bank specifically stated that the premises were improved with a two-story, very old, building of no value (291 Ill. App. 65) and it appears in a number of places in the former briefs and records that the improvements were of no value. But counsel for plaintiff say: "The failure to pay taxes and allowing the premises to be forfeited or sold for nonpayment of taxes constitutes waste," citing *Thayer v. Shorey,* 287 Mass. 76. In that case a deed conveying certain real estate with a reservation of a life estate to the grantor was executed. The life tenant under the deed failed to pay taxes assessed on the land, the property was sold for taxes and a redemption made by the remainderman who thereupon brought suit against the life tenant. It was held that he could recover against the life tenant under a statute of Massachusetts. The court there said:

"Apart from any question of damages, the plaintiffs in this action are entitled to recover possession of the premises. It is provided by G. L. (Ter. Ed.) c. 242, § 1, that 'If a tenant in dower, by the curtesy, for life or for years commits or suffers waste on the land so held, the person having the next immediate estate of inheritance may have an action of waste against such tenant to recover the place wasted and the amount of the damage, and such action shall be subject to the provisions of law relative to trial by jury. . . .'" We think it obvious that the case is not in point.

The decree of the Superior court of Cook county is affirmed.

*Decree affirmed.*

NIEMEYER, P. J., and MATCHETT, J., concur.