Samuel Lowenstein, Appellant, v. Chicago Title and Trust Company, Appellees.

Gen. No. 44,875.

Opinion filed March 8, 1950. Rehearing denied March 31, 1950. Released for publication April 3, 1950.

AARON LOWENSTEIN, of Chicago, for appellant.

RAYMOND A. KINZIE, of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a foreclosure suit. It is unusual because plaintiff seeks to subject the mortgaged property to satisfaction of judgments against formal guarantors of the mortgage paper, Seibert, Tompkins and Colomb, hereinafter referred to as defendants. The Chancellor sustained the motion of the defendant Elmore Co. and dismissed the amended and supplemented complaint for want of equity. Plaintiff has appealed.

The mortgage note for $3500.00 was executed by the Stony Island Bank on July 17th, 1928 due August 1, 1931. The Bank executed at the same time six semi-annual interest notes. To secure these bearer notes, it conveyed to the Bank of America, as trustee, an unimproved 50' x 100' lot located at 1347 W. 87th Street, Chicago, Illinois. The defendants endorsed the principal and interest notes as "guarantors," "guaranteeing prompt payment." Plaintiff purchased the notes. The first five interest notes were paid. The sixth interest note and the principal note were not paid when due on August 1, 1931.

Plaintiff obtained judgments against the defendants under their endorsed undertaking in February 1932. Executions issued but the judgments were not satisfied. The judgments were revived at plaintiff's suit in January 1941 and August 1948. Defendant Colomb paid $500.00 on the "indebtedness" before August 1941. The foreclosure suit was begun October 8, 1948. Plaintiff alleged that the revived judgments are secured by the Trust Deed. Lurie, administrator of Cina Halvorson to whom the Stony Island Bank conveyed equitable title, and Elmore Co., which claims through

161

Kinzie purchaser from Lurie, as administrator, filed motions to dismiss and strike respectively, raising the Statute of Limitations. Plaintiff then filed his Amendment and Supplement claiming defendants were not mere guarantors but were real parties in interest and that payment by Colomb within ten years tolled the Statute. Elmore Co. moved to strike this pleading.

The question is whether plaintiff's suit is barred by the Statute of Limitations.

██ Plaintiff agrees that in form defendants' endorsement was an undertaking to pay in default of the maker's payment. We agree with him that the general rules of construction in the cases cited by him are applicable here. It is true that the terms guarantee and guaranty used in the endorsement are not in themselves determinative of the undertaking. The determining factor is what the parties intended and undertook to do by the terms they used. *Jones & Laughlin Co. v. Graham,* 273 Ill. 377; *Davis v. Patrick,* 141 U. S. 479; *Indemnity Insurance Co. v. Prairie State Bank,* 336 Ill. 438. Where there is nothing to limit, qualify, or explain the terms guarantee and guaranty, a reasonable construction is a promise to pay in the event another fails to do so. *Vermont Marble Co. v. Bayne,* 356 Ill. 127, 133. In the *Graham* and *Patrick* cases the evidence showed original undertakings. In *Phillips v. O'Connell,* 326 Ill. App. 15, and *Everts v. Matteson,* 21 Cal. (2d) 437, 132 P. (2d) 476, cited by plaintiff, the defendant, in extension agreements, assumed and agreed to pay the mortgage indebtedness.

██ On February 23, 1928, the Stony Island Bank, as trustee, and defendants, as beneficiaries, entered into a trust agreement establishing what is commonly known as a Land Trust. Defendants' interest as beneficiaries under this agreement is personal property. *Chicago Title & Trust Co. v. Mercantile Bank,* 300 Ill. App. 329; *Kerr v. Klotz,* 218 Ill. App. 654, opinion

number 25350; *Conkling v. McIntosh,* 324 Ill. App. 292; *Marshall v. Solomon,* 335 Ill. App. 302. Under its provisions the mortgage notes were not personal obligations of the beneficiaries. *Conkling v. McIntosh,* 324 Ill. App. 292. Receipt by the beneficiaries of notice of due dates of the notes, the payment of interest and payment by Colomb of $500.00 on the principal debt did not change their interests. Under the Land Trust the Stony Island Bank was legal and equitable owner of the title to the property. The principal and interest notes provided that it was not personally liable and that the sole remedy of the holder was foreclosure under the trust deed. The trust deed contains substantially the same provisions. Both the principal note and Trust Deed expressly referred to trust #88 as the basis of the Stony Island Bank's promise to pay the note ''out of that portion of the trust estate subject to said trust agreement.''

Plaintiff purchased the notes and presumably was satisfied to have the Stony Island Bank maker with no personal liability and with foreclosure of the lien of the trust deed the only remedy in case of default except for the endorsed undertaking of the beneficiaries. We must presume plaintiff either disregarded the reference to trust #88 in the note and other mortgage papers or else inquired into the trust and was satisfied with what he found, i. e., an agreement under which the men whose names appeared on the endorsement had no legal or equitable interest in the real estate.

This is not a case like *Burt, et al. v. Gage, et al.,* 50 S. D. 208, 208 N. W. 985, where the endorsers were the original purchasers who were to have made the notes and who endorsed instead because the mortgagors, as a convenience to the endorsers conveyed directly to the latter's grantee. Neither is this case comparable to the *Estate of Maloney,* 296 Ill. App. 179

or *Bride v. Stormer*, 368 Ill. 524. Nothing is alleged in the complaint or Amendment and Supplement which tends to show any conduct on the part of the beneficiaries which could change their interests under the Land Trust.

We think the obligation of the beneficiaries on the notes was limited to the undertaking in the endorsement. The undertaking of the defendants was that of guarantors and not joint makers. *Abbott v. Brown*, 131 Ill. 108. A payment by Colomb therefore was a payment under the guaranty obligation which was not effective to toll the Statute of Limitations against the foreclosure suit (*Thompson & Thompson v. Brown*, 121 Mo. App. 524) and the suit was barred by the Statute.

The order of the Chancellor to dismiss was correct.

*Order affirmed.*

LEWE, P. J., and BURKE, J., concur.