(No. 4592— <span style="background:black"></span>

EUGENE FUHRER, MAX FUHRER, AND MARTIN FUHRER, d/b/a
EUGENE AND MAX FUHRER, Claimants, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed February 25, 1955.*

SYDNEY W. HOLLANDER, Attorney for Claimants.

LATHAM CASTLE, Attorney General; MARION G.
TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

Claimants, registered architects and engineers, filed
their complaint on December 14, 1953 against respond-
ent, praying for damages in the amount of $38,586.98.
The claim grew out of a written contract entered into
between the parties on August 1, 1945, wherein claimants
agreed to perform architectural and engineering serv-
ices in connection with the proposed building program
for the Northern Illinois State Teachers College, lo-
cated at DeKalb, Illinois. Respondent filed a motion to
dismiss the complaint on the ground that the Court had
no jurisdiction of the action, and that the alleged claim
was barred, inasmuch as it was filed more than two years
after the cause of action accrued. The motion was al-
lowed by this Court on May 11, 1954.

On May 28, 1954, claimants filed a verified motion
stating that, because of claimants' misapprehension of

the rules of the Court of Claims, they had failed to file objections to respondent's motion to dismiss, and that claimants had good and valid subsisting objections to the motion to dismiss, and moved the Court for leave to file an amended and supplemental claim, setting forth matters and things alleviating respondent's objections.

This Court, on the 23rd day of July, 1954, granted such leave to claimants on condition that same be filed within 30 days from the date of the order.

On August 21, 1954, claimants filed their amended complaint, which for all practical purposes was the same as their original complaint.

In the amended complaint, claimants contend that the contract should be construed as cancelled due to long delays occasioned by contractors and various departments of the State of Illinois, numerous changes in plans made by the Division of Architecture and Engineering, and due to the fact that the various buildings of the project were not constructed simultaneously, but were constructed in a piece-meal manner at different times.

They contend that, because of the delays aforesaid, the completion time for the project was six years, rather than the time ordinarily required for such a project, namely, two and one-half years.

It is claimants' position that they should, therefore, be compensated at the regular rate of 4½% of the actual cost of construction, which was considerably greater than that contemplated by the parties at the time the contract was entered into, on presumably an implied contractual or quantum meruit theory. This, claimants contend would amount to $78,062.99.

Also, they claim damages for the value of their services during the three and one-half year delay in the amount of $12,000.00, thus making a total of $90,-

062.99, minus the sum of $51,476.01, previously paid to claimants on account of services rendered. The balance sued for, as aforesaid, is the sum of $38,586.98.

It appears from respondent's motion, and the exhibits attached thereto, the validity of such exhibits not being questioned by claimants, and also by claimants' answer to respondent's motion, that the last payment on account of the entire contractual price was paid by respondent to claimant on April 27, 1951, in response to claimants' final statement of account, dated January 30, 1951.

It is respondent's position that any cause of action, which claimants might have had, accrued not later than the date of the final payment of the contractual amount, to-wit, April 27, 1951, or on the date claimants rendered their final statement to respondent, to-wit, January 30, 1951; that, therefore, the complaint was not filed until more than two years had elapsed since the accrual of the cause of action, and, consequently, said cause of action is barred by the two year limitation of the Court of Claims law.

Claimants' answer to this position of respondent is that, on January 15, 1952, claimants rendered services in connection with completing the project, namely, an examination and approval of the installation and painting of a bag filter vent installed on the power plant of the project; that, notwithstanding the receipt of respondent's voucher in full payment of the contract price, it was claimants' duty, under the contract, to examine whatever work was done for the completion of the project by reason of a clause in the contract, which reads: "That the Architects and Engineers will visit the work on an average of once a week, and shall continue until all portions of the equipment, piping, electrical service, etc.,

function satisfactorily to the Supervising Architect'';
that, because of the above contractual clause and the
inspection of January 15, 1952, the statute of limita-
tions did not begin to run until that date, and, there-
fore, the claim is not barred.

In considering the questions presented by this mo-
tion, and the pleadings in general, we must construe the
complaint, together with all reasonable presumptions,
intendments and inferences contained therein against
claimants. *Wright* vs. *Illinois Central Railroad Com-
pany*, 119 Ill. App. 132 at 144; *Carofalo Company, Inc.*
vs. *St. Mary's Packing Company*, 339 Ill. App. 412.

First, it is difficult to determine upon what ground
claimants intend to proceed. The amended complaint is
drawn upon the theory that, because of the delays, the
contract ''must by these acts be construed as having
been cancelled'', and the recovery sought is based to a
large extent upon an implied contractual or quantum
meruit theory. In claimants' answer to respondent's
motion, it is apparent that they attempt to rely upon
a portion of the contract to avoid the plea of the time
limitations. They cannot take both of these positions.

It is fundamental that there can not be an express
and an implied contract at the same time. *Velsical Corp.*
vs. *Hyman*, 405 Ill. 352; *Borrowdale* vs. *Sugarman*, 347
Ill. App. 390 at 395; and *Stewart* vs. *McIntosh*, 316 Ill.
App. 212.

With respect to claimants' contention that the con-
tract was cancelled, there are no facts appearing any-
where in the complaint to the effect that the parties
mutually agreed to a cancellation, nor are there any
facts pleaded to establish a forfeiture under the terms
of the contract.

For the purpose of this motion, we assume that the long delays, numerous changes, and piece-meal manner of construction on the part of respondent constituted a breach of an implied condition to complete the project within a reasonable time. In such event, claimants would have had the right to rescind their contract.

Nowhere in the complaint are there any facts pleaded showing any action on the part of claimants, during the long delays complained of, indicating an intention to rescind, nor notice to respondent complaining of any breach of contract. On the contrary, the conduct of claimants in submitting their final statement under the contract in January, 1951, coupled with the obvious fact that they knew of the alleged breach of contract now complained of, establishes upon the face of the pleadings a waiver of the cause for which they might have rescinded the contract.

In *Schmahl* vs. *Aurora National Bank,* 311 Ill. App. 228 at page 234, the court stated:

"Delays in performance of a contract may be waived by conduct indicating an intention to regard the contract as still in force. (*Cottrell* vs. *Gerson,* 371 Ill. 174; *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n.* vs. *Tucker,* 157 Ill. 194; *Evans* vs. *Howell,* 211 Ill. 85; *McArthur Bros.* vs. *Whitney,* 202 Ill. 527.) After delays in performance have been waived, a contract cannot be rescinded for failure strictly to perform without giving notice and a reasonable opportunity to perform. (*Plummer* vs. *Worthington,* 321 Ill. 450; *Hibernian Banking Ass'n.* vs. *Bell & Zoller Coal Co.,* 181 Ill. App. 581; *Worth-Huskey Coal Co.* vs. *Columbia Malting Co.,* 230 Ill. App. 165; 1 Am. Jur. 251, par 65.)"

Also see *Peterson Steels* vs. *Siedman,* 188 F. (2d) 193.

This principle of law applies to this case, and, therefore, we hold that the contract must be considered as having remained in effect. The claim for compensation, based upon 4½% of the actual construction cost on a quantum meruit or implied contractual theory, is not

well taken, and it is our holding that the portion of the complaint setting forth such claim is stricken.

Next, in considering the balance of the claim, wherein it is contended that claimants are entitled to $12,000.00 for damages incurred by reason of the delays, we will assume for the purpose of passing on this motion that claimants sustained such damages.

They did not, however, make any claim for these damages until December 14, 1953, when they filed their original complaint. This was two years and ten months after they forwarded their final statement to respondent under the contract, and for which respondent's final voucher was issued and cashed by claimants on April 27, 1951.

It seems to us that the reasonable intendment and inference arising from these facts is that claimants did not contemplate asking for any further compensation, and that both parties considered the contract completed for all practical purposes at that time.

Under these circumstances, any cause of action, over and above the contract price for damages occurring during the time preceding the aforesaid date, would have accrued, at the latest, on the date of the final payment.

The only services allegedly performed after said date was the inspection of January 15, 1952, heretofore referred to. We cannot, in the light of the matters heretofore set forth, attach such significance to this one isolated act, occurring approximately one year after claimants submitted their final statement, as holding open the contract until that date for the purpose of determining the accrual date of this alleged cause of action.

The claimants must bear the burden of pleading sufficient facts to state a cause of action within this Court's jurisdiction. As heretofore stated, we must construe all reasonable presumptions, intendments and inferences of the pleadings against claimants.

We, therefore, find as to the claim for the alleged damages of $12,000, occurring by reason of the alleged delays, that the claim has been brought too late, and that by reason of the limitation of two years, provided in Section 239.22 of the Court of Claims Law, this Court has no jurisdiction to consider this claim; and that, therefore, respondent's motion is hereby allowed, and the claim dismissed.