Linda Koehler, Plaintiff-Appellant, v. Southmoor Bank and Trust Company, as Trustee Only, etc., et al., Defendants-Appellees.

Gen. No. 48,643.

First District, Third Division.

January 30, 1963.

Bell, Boyd, Marshall & Lloyd, and Haddad & Burns, of Chicago (David A. Watts and J. William Hayton, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago (John J. Ryan and Richard Owen Young, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a summary judgment order dismissing plaintiff's suit for personal injuries alleged to have been sustained by reason of defendants' negligence in the operation and maintenance of an apartment building in which plaintiff was a tenant.

The question presented to us is whether the beneficiaries of a land trust, who by the terms of a trust agreement have possession and control of the property leased but no legal or equitable interest in the title, are protected against such liability by an exculpatory clause in the lease.

Defendants to the suit were the Southmoor Bank and Trust Company (which held title as trustee under the land trust agreement), Downs, Mohl & Company (the real estate firm which leased the premises to plaintiff and collected the rents), and the individual partners thereof, and three beneficiaries under the land trust. Under the exculpatory clause the lessee waived all claims for damage resulting from any act or neglect of the *lessor or the lessor's agents or servants.*

Plaintiff now seeks to reverse the summary judgment insofar as it relates to the three beneficiaries. Her theory is that the liability of the beneficiaries arises from the fact that they exercised possession and control; that they were neither the lessors nor agents of the lessor; that the terms of the exculpatory clause apply only to the lessor or its agents and hence the beneficiaries cannot avail themselves of its benefits. The defendant beneficiaries reply that a look at the realities of the situation created by this form of land trust reveals that the beneficiaries are the real parties in interest; that the trust is a naked trust, saved only from the statute of uses by the provision that the trustee has one duty and that is to do that which the

197

beneficiaries direct it to do, and therefore the exculpatory clause should be construed as applicable to them.

 There is no doubt that liability may arise out of a negligent act committed by one who has possession and control of property, without regard to the character of his interest in that property. Brazowski v. Chicago Title & Trust Co., 280 Ill App 293; Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 63, 176 NE2d 659, 663. If, therefore, the beneficiaries are not within the provisions of the exculpatory clause, plaintiff has stated a case against them.

 The exculpatory clause provides that "Lessor and Lessor's agents and servants shall not be liable, and Lessee waives all claims, for damage to person or property. . . ." The lease itself, to which we would naturally refer for a determination of the question as to who was the lessor, begins as follows:

> "THIS LEASE, made November 4, 1955, WITNESSETH: Downs, Mohl and Company, Agent, Lessor, hereby leases unto Linda E. Koehler, Lessee, . . . ."

It is executed in the following manner:

> "Linda E. Koehler, Lessee (Seal)
> Downs, Mohl and Company, agent (Seal)
> By A. F. Mohl, (Seal)
> Lessor."

One might conclude that the partnership was the agent and A. F. Mohl, the lessor. Among the advantages of a land trust is the fact that ownership is concealed. Schneider v. Pioneer Trust & Sav. Bank, 26 Ill App2d 463, 168 NE2d 808. That desire for concealment evidently manifested itself in the making of the lease.

 The recent history of the exculpatory clause is well known to the bench and bar. The clause was

held valid by the Supreme Court of Illinois in 1957 in O'Callaghan v. Waller & Beckwith Realty Co., 15 Ill2d 436, 155 NE2d 545. Following that decision, the legislature enacted a law which invalidated such clauses in leases. Ill Rev Stats, c 80, § 15a (1959). The instant suit was instituted before the passage of that law and the law is not applicable thereto. Nevertheless, it is a strong expression of public policy and such a clause in a lease must be strictly construed against the lessor for that reason as well as because agreements protecting one from the consequence of his own negligence must be in clear and explicit language or expressed in unequivocal terms. Jackson v. First Nat. Bank of Lake Forest, 415 Ill 453, 114 NE2d 721; Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill 429, 433, 70 NE2d 604, 607; Moss v. Hunding, 27 Ill App2d 189, 169 NE2d 396; Valentin v. D. G. Swanson & Co., 25 Ill App2d 285, 167 NE2d 14. It is in the light of these principles that we approach the question which, as defendants themselves put it, is whether the word "lessor" embraces beneficiaries under a land trust.

When the beneficiaries avoided the use of their names as the lessors in the lease, assuming they were the lessors, they must have done so advisedly and with the assumption that they were not in fact the lessors, or else they desired for other reasons to keep secret whatever interest they had in the property. The only statement we can find in the pleadings with respect to the actual relationship of Downs, Mohl & Co. to the beneficiaries and trustee is in plaintiff's motion, filed May 29, 1961, to strike the second amendment to defendants' answer. In support of that motion, plaintiff states that the lessor referred to in the lease is the Southmoor Bank & Trust Company, as trustee, and that Downs, Mohl & Company was acting as agent for the trustee in the execution of the lease. The court

denied the motion to strike. Thereafter an amendment was filed to the complaint and the court subsequently sustained defendants' motion for summary judgment although defendants did not deny that Downs, Mohl & Company was acting as agent for the trustee.

■■ The land trust specifically provides that the interest of beneficiaries "shall be deemed to be personal property . . ." and that "no beneficiary at any time shall have any right, title or interest in or to any portion of said real estate as such. . . ." Courts have recognized the validity of this provision. Horney v. Hayes, 11 Ill2d 178, 183, 142 NE2d 94, 97; Lowenstein v. Chicago Title & Trust Co., 340 Ill App 160, 162, 91 NE2d 96, 98; Chicago Title & Trust Co. v. Mercantile Trust & Sav. Bank, 300 Ill App 329, 20 NE2d 992. A lease is an interest in real estate. People v. Shedd, 241 Ill 155, 165, 89 NE 332, 335; People v. Hardt, 329 Ill App 153, 158, 67 NE2d 487, 489. The beneficiaries of a land trust are not the agents of a trustee. Brazowski v. Chicago Title & Trust Co., 280 Ill App 293.

■ On the face of the lease and the land trust the beneficiaries are not the lessors and cannot become such unless we hold that the word "lessor" as used in the lease should be construed to include them and that it was the intention of the parties to do so. So far as appears from the pleadings before us, plaintiff at the time of the signing of the lease did not know there were such beneficiaries and can hardly be said to have had any such intention. We are not at this time passing upon the question as to whether, under any circumstances, the holders of such interest as the beneficiaries have under the land trust in question could become lessors.

It is urged upon us that the decision in Illinois Central R. Co. v. Michigan Cent. R. Co., 18 Ill App2d 462, 115 NE2d 627, has so broadened the meaning of the

200

word "lessor" that it should be construed to include the beneficiaries. In that case the defendants sought to terminate a contractual arrangement for the use of a railroad terminal covering a great variety of facilities and the provision of a multitude of services, including property, real, personal and mixed. The contract provided that it was to run "so long as the said premises shall be used as a general passenger station." The defendants contended that the arrangement was designated a lease; that it was a lease, and as such was required to have a definite date of termination, citing Say v. Smith, 1 Plow Rep 269 (decided in 1564) and Stanmeyer v. Davis, 321 Ill App 227, 53 NE2d 22 (1944). We held that a contractual arrangement for the use of such extensive facilities was not a lease in the strict sense of the term. We did not intend to so generalize the word as to destroy its efficacy as a designation of a form of land tenure. There is such a vast gulf between the nature of the transaction in the instant case and that involved in Illinois Cent. R. Co. v. Michigan Cent. R. Co., supra, that we do not deem it necessary to go into further consideration of that case as a precedent for defendants here. We hold that the defendant beneficiaries are not covered by the exculpatory clause.

The judgment is reversed and the cause is remanded with directions to overrule the motion for summary judgment and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.