The Chicago and Evanston Railroad Company

*v.*

August Dresel.

*Filed at Ottawa May 19, 1884.*

1. Eminent domain—*loss of profits in business on the premises—as an element of damages.* On an application to condemn for a right of way for a railroad, a part of four lots, held by the defendant under a lease, which leasehold lots were occupied by the defendant in connection with adjacent lots, of which he was the absolute owner, and which were used in carrying on an extensive hot-bed system of flower-gardening, the court instructed the jury that there could be no recovery for loss of business or loss of profits: *Held,* that the instruction was correct.

2. Same—*of the proper basis for damages, where a part of the premises are held under lease, and the residue in fee.* A person occupied fourteen lots in a certain block in carrying on the business of flower-gardening, as one tract, or as an entirety, holding four of them under a lease for two years, and owning the other ten, and a railway company sought to take a portion of the leasehold property for a right of way. It was *held,* if by so doing the market value of the whole tract was lessened during the two years the lease had to run, the owner and occupant ought to be allowed damages to the extent that the market value of the entire property was thereby depreciated.

Appeal from the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Mr. E. Walker, and Mr. F. J. Loesch, for the appellant: The loss of business and of profits derived from the use of the land is not a proper element of damages. *Booker* v. *Venice and Carondelet Ry. Co.* 101 Ill. 333; *Jerseyville and Southeastern Ry. Co.* v. *Walsh,* 106 id. 253.

Messrs. Beam & Cook, for the appellee:

Evidence as to the amount of traffic is legitimate to show the extent of the use the lots would be subjected in the operation of the road, as affecting the question of depreciation of

value. *Lake Shore and Michigan Southern Ry. Co.* v. *Chicago and Western Indiana R. R. Co.* 100 Ill. 21.

As to the proper measure of damages, and the evidence proper to show the same, see *Keithsburg and Eastern R. R. Co.* v. *Henry,* 79 Ill. 292; *Chicago and Iowa R. R. Co.* v. *Hopkins et al.* 90 id. 322; *St. Louis, Jerseyville and Springfield R. R. Co.* v. *Kirby,* 104 id. 345.

The personal examination of the premises by the jury is in the nature of evidence, and the facts thus learned may have fully justified the verdict. *Chicago and Iowa R. R. Co.* v. *Hopkins et al.* 90 Ill. 322; *Peoria and Farmington Ry. Co.* v. *Barnum,* 107 id. 160.

Mr. Justice Craig delivered the opinion of the Court:

Appellee, Dresel was in the possession of lots 2 to 15, inclusive, in sub-block 10, subdivision of block 13, in Sheffield's addition to Chicago. Lots 2 to 9 were held under a lease which expires July 1, 1885. Lots 10 to 15 were owned in fee by appellee. The lots 2 to 15, inclusive, have been occupied and cultivated by appellee as an entirety, within one inclosure, since 1870. The fee to lots 2 to 5, inclusive, was in appellant, having been purchased of appellee's landlord, Lewis, pending the proceedings. The appellant, by its amended petition, undertook to condemn only so much of Dresel's leasehold interest in lots 2 to 5 as is contained in a triangular piece shown on the map, and being about one-fifth of the area of the four lots. Appellee, upon the lots 2 to 15, was carrying on an extensive hot-bed system of flower-gardening. His residence, barns, sheds, etc., are upon lots 14 and 15. The jury, on the evidence introduced, and upon a personal examination of the premises, awarded appellee $1500 as compensation for all damages resulting by reason of the taking of that part of the leasehold heretofore mentioned.

It is claimed that the court erred in permitting evidence to go to the jury in regard to the profits to be derived from the land in question. We do not understand that evidence of this character was admitted by the court. When appellee was on the stand as a witness, the court, at the request of counsel for appellant, ruled that "all evidence as to the amount of work that could be done on the property, and all evidence of the probable profits from the business, is excluded from the consideration of the jury." There may be some answers to questions propounded to the witnesses Harding and Donovan which might, without close examination of the entire evidence of the two witnesses, indicate that the court had not adhered strictly to the rule announced; but after a careful examination of the evidence we think the rule was substantially observed, and no testimony was admitted by the court on this branch of the case which conflicted with the rule, or which could prejudice appellant.

But it is said the court erred in refusing the first and fourth instructions asked by appellant. The first was modified by striking out the latter portion, which related to the amount of business which could be done on the premises, etc., and given as modified. The fourth, which was refused, related to the same subject. The court, however, gave instruction No. 5, which covered the whole subject in fewer words, and in a more concise form, as follows: "The jury are instructed that there can be no recovery for loss of business or loss of profits." This instruction obviated the objection made to the decision of the court on the two instructions mentioned.

It is also claimed by appellant that the court erred in giving instructions one and two, on behalf of appellee. The complaint is, that the jury were, in substance, directed, that if by virtue of the lease of certain lots, and Dresel's ownership of certain other lots in block 10, he is entitled to the exclusive use and enjoyment of these lots and improvements thereon, as one entire tract or parcel, until the expiration of

the lease, and if said tract, in its present condition, has a special capacity, as an entirety, for the purposes of flower-gardening, and as an entirety is devoted to such purpose, and if the value of such tract, for the residue of the leasehold term, will be depreciated and lessened by the taking of the portion of said land proposed to be taken, then Dresel is entitled to recover a sum equal to such depreciation of value. We perceive no valid objection to the instruction. As before observed, appellee occupied the fourteen lots as one tract of land, as an entirety. He owned a portion of the lots, and held the others under a lease. Appellant proposed to take a portion of the lots held by the lease. If by so doing the market value of the whole tract was lessened during the two years which appellee had the right to hold and use the same, to that extent he was damaged, and while no part of the lots he owned in fee was taken, still, by the taking, as his property held in fee and by lease was damaged, he, in justice, ought to be entitled to recover so far as the market value of his property was depreciated.

It is also urged that the damages allowed are excessive. The evidence upon the question of damages is conflicting. Some of the witnesses place the amount much higher than the jury agreed upon, while others place it lower. The jury heard all the evidence, and made a personal examination of the premises, and we are not prepared to say that the amount allowed is so excessive as to justify us, on appeal, to interfere.

The judgment will be affirmed.

*Judgment affirmed.*