## The Indiana, Illinois and Iowa Railroad Company

*v.*

## John W. Conness.

*Opinion filed February 19, 1900.*

1. EMINENT DOMAIN—*it is not essential to jurisdiction that all owners be in court.* It is not essential to the jurisdiction of the court in condemnation that all owners, even as to land taken, shall be brought into court together, but compensation may be assessed separately.

2. SAME—*interests of persons not parties to the suit cannot be considered.* Whether the interests of persons in land not actually taken by condemnation will be damaged cannot be considered if they are not parties to the suit.

3. SAME—*what proper for consideration on cross-petition to assess damages to land not taken.* Upon the condemnation of a strip of land along one side of but wholly within a quarter section, owned by the defendant in fee, the latter may, by cross-petition, have determined the question of damages to his interest in the adjoining quarter section, which interest consists of a remainder in the undivided half of the property after termination of the life estate.

4. SAME—*interests and damages of several owners must be kept separate.* In determining the damages to the estate in remainder of a cross-petitioner in an undivided half of land not actually taken, the evidence is limited to the cross-petitioner's interest, and the admission of evidence as to the general depreciation in value of the entire tract, including all interests, is error.

Appeal from the County Court of LaSalle county; the Hon. H. W. Johnson, Judge, presiding.

Cary & Walker, and Reeves & Boys, for appellant.

Trainor & Browne, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Appellant filed its petition in the county court of La-Salle county to ascertain the compensation to be paid to appellee, John W. Conness, for a strip of land, containing about five acres, taken from the north side of the south-west quarter of section 24, township 31, range 2, in said county. The defendant filed his cross-petition, which, as amended, alleged that he was the owner of said south-west quarter; that his mother, Mary Conness, owned a life estate in the adjoining north-west quarter of said section, and that he and his brother, Benjamin F. Conness, were the owners, in equal shares, of the remainder after said life estate; that he and his said brother had leased from their mother her said life estate in said north-west quarter, and held said leasehold estate as tenants in common and farmed said north-west quarter as such tenants in common, and that his interest in said north-west quarter was damaged by taking the strip of land on the south-west quarter. There was a trial, and the jury returned a verdict fixing the compensation to be paid to defendant for the land actually taken at $750, and the damages to the south-west quarter, and all other tracts of land owned by him or in which he had an interest, and which were described in the petition and cross-petition and not actually taken for the right of way, at $2500. On a motion for a new trial the defendant remitted $200 from the amount awarded as compensation for the land actually taken, and judgment was entered for the balance.

.   It is alleged as error that the court overruled the petitioner's demurrer to the cross-petition and admitted evidence as to damages, generally, to the north-west quarter.   We do not think there was any error in overruling the demurrer.   The defendant owned the entire fee of the south-west quarter from which the right of way was taken, and the remainder after the life estate of his mother in the undivided one-half of the adjoining north-west quarter.   The estate in remainder in the north-west quarter was a vested interest, the value of which could be determined, and if that estate was damaged we see no good reason why the damages might not be assessed in this proceeding.   The other owners in the north-west quarter were not parties to the suit and none of their land was actually taken.   If their interest was damaged in any way that fact could not be considered in this suit but they would be left to their action at law.   (*Stetson* v. *Chicago and Evanston Railroad Co.* 75 Ill. 74; *White* v. *West Side Elevated Railroad Co.* 154 id. 620.)   It is not essential to the jurisdiction of the court that all the owners shall be brought into court, even as to land taken, but compensation may be ascertained separately.   *Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459.

The case was one, however, which required care to keep the interests of the parties and the damages separate, so that the petitioner might not be compelled to respond twice for the same damages.   The lands were already separated as to interest and estate, and the only evidence admissible as to the north-west quarter was concerning defendant's estate therein.   If his interest in the north-west quarter was in any way affected by being separated from his other lands, it required careful discrimination and the limiting of the evidence to his interest, and in this respect the court erred.   It appeared that the defendant and his mother and brother lived together as a family on the place, and he testified that the lease from his mother was oral to himself and his brother.

Counsel on both sides say that it was subject to the Statute of Frauds, and voidable.    At any rate, he furnished no basis whatever for the assessment of damages to his share of the leasehold interest, and evidence including it should not have been admitted.    Whether the leasing was for a share of the crops, or what the rental was or the value of the leasehold interest, did not appear in any manner, and defendant's counsel concede that he was not entitled to any damages to such leasehold interest.    The witnesses for defendant placed the value of the lands, generally, which constituted the farm, at about $90 an acre and the reasonable rental value of the land $4 to $4.50 an acre, but they testified pretty uniformly that the land taken was worth $250 to $300 an acre.    They said they fixed that value on the land actually taken because it cut the farm in two and made two farms out of it. There was no part of the south-west quarter left north of the right of way, so that his tract was not divided, and it is plain they fixed the value of the land taken by considering the consequences to all the lands not taken, including all interests, while the north part was already separated in estate from the other land so far as the life estate and the undivided half of the remainder were concerned.    The examination as to damages was on the same basis and included injury to all the lands.    Questions like the following were put to the witnesses and objections to them were overruled: "Now, with reference to the land belonging to John Conness in the south-west quarter of section 24 referred to, and to his undivided one-half interest in the fee in the north-west quarter, subject to the life estate of Mary Conness, all of this land being outside of the right of way, I will ask what, if anything, will these lands depreciate in a fair cash market value by reason of the putting through, of the erection and operating and carrying on, of this railroad as proposed?" "Now, with reference to the land in the south-west quarter outside of the right of way,—not counting that,—and with

reference to the undivided one-half interest of John Conness, subject to his mother's life estate in the north-west quarter, with reference to those lands, what, in your opinion, will be the depreciation or lessening of the value of those lands in a fair cash market value, if any, by the putting through, construction and continual or perpetual operation of this railroad, thereafter, or in a lump sum,—either one?" To such questions as these the witnesses answered, $10 to $15 an acre, making no distinction between the south-west quarter, of which defendant had the whole title, and the north-west quarter, in which he had only a remainder after the life estate. Some of the witnesses seemed to have but little idea of the nature of defendant's interest, and to think that the mother was going to get a portion of the damages.

The verdict, in terms, includes and allows to the defendant the whole damage done to the north-west quarter. It is as follows: "We, the jury, fix the compensation to be paid to defendant, John Conness, as owner for the land actually taken as the right of way of said railroad through his said land, to-wit, the south-west quarter of section 24, etc., (describing the strip,) at $750, and we also fix the compensation to be paid to him by the petitioner in full of all damages sustained to said above described tract of land, and to all other tracts of land owned by him or in which he has an interest, and which are described in the petition and cross-petition filed herein, and not actually taken for the right of way of said railroad, at $2500." This verdict would at least indicate that the jury had no distinct idea of what estate they were assessing damages to, and probably awarded to defendant the entire damages sustained as to both tracts of land.

The judgment of the county court is reversed and the cause remanded.        *Reversed and remanded.*