Sam Lipavsky et al., Appellees, v. 16th Street Building Corporation et al. Central Republic Bank and Trust Company, Appellant.

Gen. No. 35,554.

Opinion filed June 15, 1932.

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, for appellant; FREDERICK MAYER, of counsel.

H. J. ROSENBERG and IRVING ZAZOVE, for appellees; ABRAHAM MILLER and ISADORE FISHMAN, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The complainants Sam Lipavsky and Harry L. Kout, doing business as Lipavsky & Kout, in the month of January, 1922, were general contractors in the City of Chicago and on or about the 15th day of January, 1922, entered into an agreement with the 16th Street Building Corporation to make certain alterations and improvements on a building owned by the defendant, 16th Street Building Corporation, for which work the 16th Street Building Corporation agreed to pay the complainants the cost price for all work, labor and material furnished and the further sum of $2,000 for supervising and superintending the work. It appears

from the evidence that the complainants started the work, but that an injunction was obtained by one of the tenants of the building and the work was held up for a short time, but finally continued and completed in November, 1922. The building upon which the work was performed, while owned by the 16th Street Building Corporation, was occupied by the 16th Street State Bank. It was a two-story brick building containing stores on the main floor, and flats and a hall above. The work consisted of enlarging the banking quarters on the main floor, and changing the second floor from hall and flats into offices.

Upon the completion of the work complainants presented their itemized statement for labor and work furnished covering millwork, carpenter work, painting, electric fixtures, plumbing, plastering, etc., which amounted to $15,786.01, plus $2,000 for supervising the work, making a total of $17,786.01. The premises were examined by one Maltz, president of the 16th Street Bank and also president of the 16th Street Building Corporation, after the submission of the statement by the complainants. The work done and the material furnished were accepted by him and the statement rendered duly approved on behalf of the 16th Street Building Corporation. The bill, however, was not paid and on February 19, 1923, the complainants filed notice of a claim for a mechanic's lien in the office of the clerk of the circuit court of Cook county.

February 1, 1922, the 16th Street Building Corporation executed its certain trust deed conveying the premises to the Chicago Title & Trust Company, as trustee, to secure 310 bonds aggregating approximately $100,000. It was part of the plan that the complainants would be paid out of this bond issue, but it appears from the record that these bonds were never sold, but were later put up as collateral to secure a loan from the Greenebaum Sons Bank & Trust Company in the amount of $75,000.

On April 13, 1923, the 16th Street Building Corporation by quitclaim deed conveyed the premises in question to Charles A. Pfingsten and on August 6, 1923, Pfingsten and his wife conveyed the premises by a deed of trust to Greenebaum Sons Bank & Trust Company, which was duly recorded in the office of the recorder of deeds of Cook county. Pfingsten appears to have been an employee of Greenebaum Sons Bank & Trust Company at the time he executed the trust deed to that corporation.

The loan of $75,000 to the 16th Street Building Corporation was paid to Greenebaum Sons Bank & Trust Company by Moses E. Greenebaum, Henry E. Greenebaum and James E. Greenebaum, brothers, and the bonds secured by the trust deed were canceled. Greenebaum Sons Bank & Trust Company appears to have held under the provisions of a certain trust agreement dated June 9, 1922, and known as Trust No. 614. From this agreement it appears that the premises were held by the trustee for the use and benefit of Henry E. Greenebaum, one-third, Moses E. Greenebaum, one-third, James E. Greenebaum, one-third. This agreement was not recorded and it provided substantially that "the interest under the trust was personal property and that no beneficiary had or should have any right, title or interest in or to any portion of said real estate as such." The agreement provided further that "so far as the public is concerned, the Greenebaum Sons Bank & Trust Company is the sole owner of the real estate referred to in the agreement."

Greenebaum Sons Bank & Trust Company which was made a party defendant to the bill of complaint was succeeded, by consolidation, by the Central Trust Company of Illinois, which was substituted in the proceeding as defendant in lieu of Greenebaum Sons Bank & Trust Company, as trustee. Central Republic Bank & Trust Company, in turn, succeeded Central

Trust Company of Illinois by consolidation, and has perfected the appeal to this court.

The bill of complaint made all parties of record parties defendant and also unknown owners. Service was had on the unknown owners by publication, but the beneficiaries named in the trust agreement of June 9, 1922, failed to appear and did not appear in this appeal other than as their interest is represented by the trustee, Central Republic Bank & Trust Company.

One of the reasons urged as a ground for reversal is that these beneficiaries were indispensable parties and necessary to a final determination of the cause. The master and chancellor found adversely to this position of the defendant, and with this we agree. Under the trust agreement of June 9, they make no claim to any interest in the real estate; their interests were fully protected in the course of the litigation by their trustee, and they themselves had notice of the proceeding because the knowledge of the trustee was their knowledge and they did not see fit to intervene. Moreover, Moses E. Greenebaum, one of the beneficiaries, was president of the Greenebaum Sons Bank & Trust Company, and held that office during the years 1922 and 1923. He testified in this proceeding.

The Supreme Court of this State in the case of *Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co.*, 173 Ill. 439, says:

"The first is, that, where the absent parties are properly represented, it is sufficient to make such representatives parties to the suit. In *Hale v. Hale,* 146 Ill. 227, we said (p. 257): 'When it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him.' Jones on Corporate Bonds and Mortgages (sec. 398), says: 'A trustee for bondholders represents their interests, and, when

made a party to a suit affecting their interests, they are as much bound by the decree rendered in the suit as if they were individually made parties to the suit.' '' To the same effect see *Hale v. Hale,* 146 Ill. 227.

The fact that the complainant paid out the sum of $15,786.01 for the various items of labor and material furnished under their agreement with the 16th Street Building Corporation is undisputed. By that we mean that there was no evidence showing that such payments had not been made. It is insisted, however, that the proof does not show that such labor and material went into and became part of the real estate and that its value was enhanced to that extent by reason of the work done and material furnished.

Maltz testified that the work was satisfactory and that he himself had had experience in building for over 15 years and had erected about 50 different buildings and had also negotiated loans on real estate. He stated that in his opinion the value of the building, without the ground, before the work was done was approximately $75,000 and that after the work was done and the alterations made it was worth in the neighborhood of $125,000. There is no contradiction of this evidence and standing alone it is sufficient for the purpose of establishing the enhanced value of the property.

In addition to the fact that the statement of account, showing the various items, was approved by Maltz, president of the 16th Street Building Corporation, the complainants and their witnesses testified as to the work that was done and the material furnished and also as to the reasonable value of the material.

The complainant, Lipavsky, testified from a book of original entries made by his daughter, at his direction, as to the work done and the material purchased and covered the various items in his testimony in detail

and the reasonable value of such material and labor furnished.

From the report of the master it appears that these questions received a fair and impartial consideration and there was sufficient evidence in our opinion in the record to sustain his findings, and we see no reason for disturbing them. The master's report was approved by the chancellor and in our opinion the decree of the superior court should be and is affirmed.

*Decree affirmed.*

HEBEL, P. J., and FRIEND, J., concur.