(No. 25895.-)

THE COMMISSIONERS OF LINCOLN PARK, Appellee, *vs.*
ADOLPH SCHMIDT *et al.* Appellants.

*Opinion filed February 14, 1941.*

WARREN H. ORR, and URION, BISHOP & SLADKEY,
(HOWARD F. BISHOP, JEROME J. SLADKEY, and ROBERT F.
DEWEY, of counsel,) for appellants.

WINSTON, STRAWN & SHAW, and JOHN O. REES,
(RALPH M. SHAW, and JOHN D. BLACK, of counsel,) for
appellee.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

September 27, 1928, appellee, the Commissioners of
Lincoln Park, filed in the superior court of Cook county
a suit to condemn the riparian rights of defendants in
property owned by them located at 6333 Sheridan Road,
Chicago. May 17, 1932, a jury returned a verdict in favor

of defendants for $32,550. The commissioners filed a motion for a new trial, and on May 27, 1932, an order was entered setting it for hearing on June 11, 1932. No further action was taken in this case until December 26, 1939, when an order was entered assigning this cause to a judge of the superior court. Judge Ross C. Hall, who tried the case, had died in the meantime. July 6, 1940, more than eight years after the verdict was returned, the court entered an order granting a new trial. We allowed leave to appeal from that order.

Throughout the trial of the cause the condemnor's contention was that the proper measure of damages was the difference in value, if any, of appellants' property with and without the riparian rights; and that, in determining this difference, the jury should take into consideration all benefits, if any, which would accrue to this property by reason of the extension and construction of Lincoln Park so that it would adjoin and extend east of appellants' property. Appellants contended that the proper measure of damages was the fair cash value of the riparian rights, as part of defendants' entire property, without any consideration of or set-off by reason of any benefits which might result from this improvement. The trial court held in accordance with appellee's contention, whereupon both parties made proof of the value of the property with and without the riparian rights, and appellee introduced evidence showing the benefit to appellants' property which would result from the proposed improvement. It is not contended the verdict is not well within the range of this evidence.

The first question presented is: Were appellants entitled to recover for the damage to their property not taken without praying for such recovery in a cross-petition? A similar question was presented in *City of Bloomington* v. *Miller*, 84 Ill. 621. There a part of lot 10 was to be taken. The court said: "It is insisted that the damages to lot 10 cannot properly be considered without a cross-petition by

appellee, and the *Mix case* is referred to as authority for this position. The cases are not analogous. In that case, the damages relied upon related to property not mentioned in the petition, no part of which was taken or even touched by the proposed improvement. In this case, as we understand the record, this lot 10 is a part of the property mentioned in the petition, from which a part is proposed to be taken. It is difficult to separate, in the mind, that which might be regarded the inherent value of the part taken, from what may be regarded its special value as an attachment to the part left, or as a part of the whole lot when intact. The ascertainment of the just compensation to the owner for taking away a part of his lot, of necessity involves the consideration of the value of the whole property intact, and the value of that part of the lot not taken, when contemplated as after the proposed part shall have been taken. This subject matter needed no cross-petition." To this same effect are *Illinois Western Extension Railroad Co.* v. *Mayrand,* 93 Ill. 591, and *St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 id. 508. The property described in the petition in the instant case included both that taken and that not taken, and no cross-petition was necessary.

Appellants contend it was error to grant appellee's motior for a new trial because the errors assigned therein, if they existed, were committed at the instance and inducement of appellee. Appellee asserted in the motion, and says in its brief here, that appellants were entitled only to the value of the riparian rights and not to the damage to property not taken. It says it was error to admit evidence of the value of property before and after the taking of the riparian rights and to give instructions on this theory. It also asserts there was a conflict in the instructions. Appellee does not deny that the evidence, which was favorable to it on the question of benefits resulting from the proposed improvement, was introduced by it in line with its then ·

theory of the case, over appellants' objection; nor does it deny that most of the instructions complained of were requested by it and that they caused whatever conflict exists in the given instructions. These alleged errors afforded no basis for the granting of a new trial on the motion of the party in whose favor and at whose request they were committed. Appellee seems to concede it could not, on appeal, seek reversal of a judgment because of errors made in its favor and at its request, but claims the power of a trial judge, in passing on a motion for a new trial, is broader than that of a reviewing court. We need not decide that. The discretion of a trial judge is not unlimited but must be exercised reasonably. Such discretion is certainly not broad enough to permit him to allow a new trial because of errors induced by and in favor of the moving party. In addition, here the motion was passed upon by a different judge than the one who tried the case more than eight years after the trial. He did not see the witnesses, the jury, or view the premises, and was in no better position to pass upon the question of whether a new trial should be granted than is this court.

Instruction No. 39, given at the request of appellants in reference to riparian rights, is a correct statement of the law and, moreover, is practically the same as instruction No. 1 given at the request of appellee. A party cannot complain of alleged error in an instruction where the same error is contained in an instruction given at his request. (*Martin* v. *Chicago and Milwaukee Electric Co.* 220 Ill. 97.) This contention is overruled.

The order of the superior court is reversed and the cause is remanded with directions to enter judgment on the verdict.

*Reversed and remanded, with directions.*