(No. 34452.—

CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant, *vs.* JOSEPHINE RIDER *et al.,* Appellees.

*Opinion filed November 20, 1957.*

August L. Fowler, of Marion, Davis & Phillips, of Shawneetown, and Stevens, Herndon & Nafziger, of Springfield, for appellant.

W. T. Dennis and D. F. Rumsey, both of Harrisburg, for appellees.

Mr. Justice Bristow delivered the opinion of the court:

In March of 1956, petitioner was authorized by the Illinois Commerce Commission to construct, operate and maintain a 69-kilowatt electrical transmission line within Gallatin County. Pursuant thereto it filed a petition under the Eminent Domain Act in the circuit court of Gallatin County. From the trial court's judgment upon the verdict of the jury assessing damages, petitioner appeals directly to this court under section 12 of that statute.

Throughout the litigation, the lands for which damages were to be assessed were described by reference to parcel numbers corresponding to the numbers used in the original petition to designate separately owned segments of the strip over which the transmission line would be erected. The petition alleged no ownership, rights, or damage to any land outside this strip.

The verdict of the jury as to each such parcel was divided into three parts. At petitioner's request, the jury was instructed to assess damages for the land in each parcel actually taken for the poles, guys, and anchors required for the erection of the transmission line. Petitioner requested and obtained a separate assessment of damages for the use

of several parcels described in the petition excluding the actual sites of the poles, guys, and anchor logs.

At the request of the defendants, the jury was also instructed to assess damages to other land, apparently contiguous to the strips described in the petition and purportedly also owned by the defendants. As to lands apparently adjoining each parcel, the jury, at the defendants' request, was directed to return a verdict in the following form:

"We, the jury, find that the Defendant................. land outside parcel No. ........ will be damaged, and we assess for damages to the land of the Defendant outside parcel No. ........ the sum of $............"

As to each such verdict, in the first blank the court inserted the name of the party designated in the petition as the owner of one of the segments of the strip over which the line would be erected. The corresponding parcel number was also inserted by the court in each case. The amount of the damages was then supplied by the jury.

Petitioner limits its appeal to judgments relative to ten of the parcels, and as to each such parcel, petitioner complains that the verdicts are excessive; that the jury ignored the testimony of petitioner's witnesses; that the defendants' witnesses were permitted to base opinions as to damage upon improper elements; that improper rulings on evidence and instructions contributed to the excessive verdicts; that no proper cross petition was filed to give the court jurisdiction to assess damages to lands not described in the petition; and that defendants failed to sustain their burden of showing damages to lands not described in the petition.

The verdict of a jury in condemnation proceedings cannot ordinarily be sustained where the damages allowed do not fall within the range of the values testified to by the witnesses. (*Forest Preserve District* v. *Folta,* 377 Ill. 158; *Peoria Gas Light and Coke Co.* v. *Peoria Terminal Railway Co.* 146 Ill. 372.) This situation exists as to certain parcels

involved in the appeal. As to others, it appears that the jury did, in fact, ignore the testimony of petitioner's witnesses, and returned verdicts in amounts which, in the light of the record before us, we consider excessive.

As to the property referred to as parcel 1, the petitioner's witnesses testified that the damage to the parcel, exclusive of that area taken for poles, guys and anchors, amounted to a maximum of $425. Defense testimony as to the same parcel covered a range of damages of from $2,550 to $2,775. The jury awarded damages in the sum of $1,850. While we do not express an opinion as to the damages which might properly be assessed here, we cannot but note that one of the defense witnesses who testified to damages of $2,775 thus testified to a figure several hundred dollars in excess of the value of the parcel as given by him. Nor can we overlook the fact that the other witness who testified regarding damages to that portion of parcel 1, exclusive of land actually occupied by poles, guys, and anchors, set those damages at a figure only a few dollars less than the value of the land as testified to by him. As to the latter, the witness further testified that the land would be worth but 30 cents following the installation of the electrical lines.

As to the parcels referred to in the petition as parcels 8, 10, 11, 13, 14 and 15, the damages assessed by the jury exceeded the range of the figures testified to by the witnesses for both sides, and the judgments thereon cannot stand. The judgment as to lands taken in parcel 1 are also defective for the reasons noted.

With regard to damages awarded for lands within parcels 2, 16 and 17, we find that the verdicts are within the range of testimony.

Petitioner further complains that its instruction No. 24 was wrongfully refused by the court. We express no opinion as to the propriety of the instruction, but instead observe that the record discloses that petitioner originally

tendered to the trial court instructions numbered 1 through 38, including forms of verdict. When the court sustained defendants' objection to instruction No. 24, plaintiff's counsel stated: "At this time we wish to substitute and offer Instructions 24-A and 24-B." These latter instructions had not theretofore been tendered, but were given with minor modifications not here material. We can only conclude that petitioner was equally satisfied that the jury be given either instruction No. 24 or instructions 24-A and 24-B, and that by thus "substituting" instructions, the petitioner acquiesced in the refusal of instruction No. 24, provided that instructions 24-A and 24-B be given.

Petitioner further complains of the giving of defendants' instruction Nos. 3 and 5. These instructions, however, relate primarily to the tests to be applied by the jury in assessing damages to lands not described in the petition, and as to such lands the cause must be retried in any event. In our opinion these instructions, while less than perfect, are not objectionable upon the grounds specified by petitioner. It should be noted, however, that they instruct the jury to consider "such damages as the evidence may show, if any are reasonably probable to ensue from the construction *and operation* of the power line." Normally, such an instruction might tread the bounds of impropriety but here the jury was specifically instructed not to consider the possibility of injury to persons or property resulting from contact, fire, *etc.*, so that the danger in the giving of these instructions would seem to have been obviated.

As to the several verdicts of the jury relating to land not described in the petition, we conclude that the issues must be retried. In the course of the selection of the jury, the defendants were permitted to file a "prayer for damages to land not taken." Said document in its entirety recited as follows: "Now come [all] Defendants, by their attorneys, and move the Court to have the Jury in said cause to ascertain damages if any to the lands of Defendants not

taken in said cause." The petitioner objected to the filing of this document, and leave having been granted, petitioner moved to strike the document on the grounds that it was filed too late, was insufficient as a cross petition, and did not specify or describe the lands as to which damages were sought.

Under all the circumstances of this case, we cannot say that the trial court abused its discretion in permitting the filing of a cross petition during the impaneling of the jury. It is, however, too clear for argument that the "prayer for damages" was not sufficient to confer upon the court jurisdiction to try the question of damages to lands not described in the petition.

The filing of a proper petition containing the essential averments required by statute is jurisdictional in eminent domain proceedings, and a court is powerless to proceed with the assessment of damages until such petition has been filed. (*Department of Public Works and Buildings* v. *Lewis*, 344 Ill. 253; *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511.) If the owner feels that other property not described in the petition is damaged, he is required to file a cross petition describing that property. (*Department of Public Works and Buildings* v. *Finks*, 10 Ill.2d 20; *Chicago and Milwaukee Electric Railroad Co.* v. *Diver*, 213 Ill. 26; *Mix* v. *Lafayette, Bloomington and Mississippi Railway Co*. 67 Ill. 319.) It is not necessary that the cross petition reiterate any allegations made in the petition; but in all other respects, the jurisdictional requirements for such a cross petition are no different from the requirements for the petition itself. Cross petitioner must describe the land which he feels will be damaged, aver himself to be the owner thereof, and recite that same will in fact sustain damage by reason of the acts contemplated by the petitioner. This is essential because the jury inquiry is limited to the question of damages; the issue of ownership is ordinarily a preliminary one for the court. (*Chicago*

*and Milwaukee Electric Railroad Co.* v. *Diver,* 213 Ill. 26.)
A petition or cross petition must describe with reasonable
certainty the premises to which damage is anticipated, in
order to obviate the possibility of any future dispute be-
tween the parties as to just what land was taken and com-
pensated for or, in the alternative, adjudicated to have
been not damaged or taken; failing this, any verdict based
upon such a petition is void. (*Chicago, Ottawa and Peoria
Railway Co.* v. *Rausch,* 245 Ill. 477.) The law generally
regards as void any proceeding whose conclusion leaves sub-
stantial doubt as to what was decided or as to precisely
who was thereby benefited or obligated.

It is clear that the "prayer for damages" filed in this
proceeding does not meet this test. The defendants would
have us sustain the verdict because the parcels described in
the petition fall within sections, quarter sections and half-
half-quarter section which, they allege, were owned by the
parties named in the petition. Therefore, they maintain
that damages were assessed by the jury only to lands de-
scribed in the petition.

It is quite true that no cross petition is required in cer-
tain cases where the petition describes the defendant as the
owner of a parcel of property and states that a part only of
this property is required for petitioner's purposes. (*City of
Bloomington* v. *Miller,* 84 Ill. 621; *Commissioners of Lin-
coln Park* v. *Schmidt,* 375 Ill. 474.) In this case, however,
the petition described the defendants as the owners of the
portion to be taken, and not as the owners of all of the
property. Moreover, contrary to defendants' contention,
the petition does not describe any property other than the
strip over which the power line will be erected. To agree
with defendants' contention that the legal description of the
strips included the description of the sections in which they
were located, we would have to conclude that a petition
describing any lot in any subdivision would be sufficient to
give the court jurisdiction over the entire section in which

the subdivision is situate. The mere statement of this proposition condemns it.

Petitioner asks us to award judgment in its favor in this court as to lands not described in the petition. Ordinarily, this might be permissible since the record leaves us uncertain as to the subject matter of the cross petition and the identity of the parties thereby sought to be benefited. However, following the verdict of the jury, the petitioner moved only for a new trial. Under the provisions of section 68.1 of the Civil Practice Act, no greater relief can be granted on appeal.

The judgments entered herein as to parcels 2, 16, and 17 for land taken appear to be within the range of testimony adduced. For the reasons heretofore stated the judgment entered with respect to the same parcels for land not taken cannot be sustained. If a proper cross-petition is filed wherein damages are sought for land not taken as to parcels 2, 16, and 17, it will be necessary to retry that issue. It is suggested by appellant that the defendants and their witnesses in course of the trial engendered an atmosphere of hostility toward petitioner. The excessive character of the verdicts generally lend support to their contention. We believe therefore that the judgments entered as to all parcels should be reversed and cause retried on all issues.

*Reversed and remanded.*