ADOLPH E. LEVI, et al., Plaintiffs-Appellants, v. ADKAY HEATING AND COOLING CORPORATION, et al., Defendants-Appellees

(No. 54871; ▮▮▮▮▮▮▮▮▮▮▮▮)

First District—September 10, 1971.

Davis, Dietch & Ryan, of Chicago, (William L. Ryan, of counsel,) for appellants.

Crooks & Gilligan, of Chicago, (John W. Gilligan, of counsel,) for appellees.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

Plaintiffs brought an action for damages sustained in a fire on the premises they occupied under a lease in which the lessor was designated as American National Bank and Trust Company of Chicago, as Trustee under Trust No. 16283, by Tudor Co., agents. (A second count was filed against a heating contractor but is of no concern on this appeal.) A motion to dismiss was filed by the bank on the ground that it did not operate or control the premises but merely held legal title "in a naked land trust." By court order, the beneficiaries of the trust were disclosed, after which the bank was dismissed and an amended complaint was filed against the beneficial owners. Those defendants filed a "motion to strike and dismiss and for judgment" based on an exculpatory clause in the lease. The motion was granted and this appeal followed.

The pertinent clause in the lease provides: "Lessor shall not be liable for any damage occasioned by failure to keep said premises in repair, nor for any damage done or occasioned by or from plumbing, gas, water,

sprinkler, steam or other pipes or sewerage or the bursting, leaking or running of any pipes, tank or plumbing fixtures, in, above, upon or about said building or premises, nor for any damage occasioned by water, snow or ice being upon or coming through the roof, skylights, trap door or otherwise, nor for any damages arising from acts, or neglect of co-tenants, or other occupants of the same building, or of any owners, or occupants, of adjacent or contiguous property."

Plaintiffs' position is that this exculpatory clause does not operate to immunize the beneficial owners of a "naked land trust" from liability because they hold no legal or equitable title to the real estate and are not lessors under the exculpatory clause in the lease. Plaintiffs also contend that paragraph 17 of the lease, which extends the rights of the lessor to its "agents, employees, or representatives" does not help defendants, because beneficial owners of a land trust are not agents, employees or representatives of the trustee, simply by virtue of the trust relationship.

■■ In support of their position, plaintiffs rely on numerous decisions involving land trusts, especially *Koehler v. Southmoor Bank & Trust Co.,* 40 Ill.App.2d 195, and *Brazowski v. Chicago Title and Trust Co.,* 280 Ill.App. 293. While it is true that these cases do, indeed, sustain plaintiffs' contentions, they do so only by way of interpreting the precise provisions of the trust agreements which in all the cited cases were in the record before the court. Here, the trust agreement is not before us at all. Defendants correctly point this out, and then argue that this should resolve the case in their favor since the trust agreement could have expressly provided that the beneficial owners were to be the "agents, employees, or representatives" of the trustee bank. It seems quite unlikely that this would be the case (in regard to the subject matter of this litigation), and would be inconsistent with the usual purpose of a land trust; but it is possible, since the available variety of trust provisions is practically limitless, and we know nothing of the content of the actual trust agreement other than the bank's conclusion in describing itself as the trustee of a "naked land trust." We do not agree with defendants, however, that this works to their advantage. In our opinion, it requires a contrary result because the decision of the trial court held, in effect, that defendants, as beneficial owners, were entitled to the protection afforded the trustee, the named lessor, under the lease, and, if that decision is to stand, it must find support in the record. In looking for that support, without having available the terms of the trust agreement, we would be required to find that defendants were the designated lessors under the lease—which they were not—or, by speculation on our part, that the trust agreement (or some other action by the trustee)

designated them as "agents, employees, or representatives" of the trustee. Defendants overlook the fact that in their motion for judgment on the pleadings, the burden rested on them to show, to the satisfaction of the court, not simply that they could have been, but, rather, that they actually were duly appointed agents of the trustee, and thus were protected in that capacity by the exculpatory clause of the lease. The record simply does not lend itself to this latter conclusion, even though it might be properly reached after further pleadings or proof.

Defendants also argue, in effect, on general principles of law, that the opinions in *Koehler, supra, Valentin v. D. G. Swanson & Co.*, 25 Ill.App.2d 285, and *Moss v. Hunding*, 27 Ill.App.2d 189, declaring that exculpatory clauses are to be strictly construed against the lessor, were the product of the times in which they were written, and that on the same issues currently the opposite result might well be reached by the Illinois Supreme Court. They point in this regard to the emphasis on the intent of the parties as the overriding rule of construction in *Sweney Gas Co. v. T.P. & W. R.R. Co.*, 42 Ill.2d 265, and *Schek v. Chicago Transit Authority*, 42 Ill.2d 362 (involving an indemnity rather than an exculpatory clause). We are not prepared, however, to say that either of these decisions would require different results from those reached in *Koehler, Valentin* and *Moss*.

The trial court in the instant case may have been misled into its decision by the quotation of the exculpatory clause presented to it in defendants' motion for judgment. Paragraph 2 of the motion reads:

"2. That said lease, Exhibit 1, provides in part as follows:

6. Lessor shall not be liable for any damage occasioned by failure to keep said premises in repair * * * nor for any damages arising from acts, or neglect of * * * any owners * * *."

In that form it would be understandable that the court may have read the clause as exculpating from liability "any owners." Comparison with the clause quoted in full at the beginning of this opinion, shows conclusively, we believe, that the words "any owners" are properly read only in the context of owners of adjacent or contiguous property. We assume, however, that the quotation of the clause in its misleading form was done inadvertently.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and LORENZ, JJ., concur.