THE DEPARTMENT OF CONSERVATION, Plaintiff-Appellee, *v.* R. A. FRANZEN *et al.*, Defendants-Appellants.

Second District (1st Division)   No. 75-500

Opinion filed October 15, 1976.—Supplemental opinion filed upon denial of rehearing December 3, 1976.

Burke & Weber, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Frank S. Righeimer, Jr., Patrick J. Agnew, and Leo N. Cinquino, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendants, La Salle National Bank, as trustee under Trust No. 23832 and S. A. Bowles, as trustee under Trust No. 540 (record title holders of parcels of real estate described in the condemnation petition), and R. A. Franzen and William Ziegler, as beneficiaries under both trusts, appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, par. 308) from an interlocutory order denying leave to file a cross-petition for alleged damages to land not taken. The trial judge struck the cross-petition on the basis of his finding that there was no unity of title as to the parcel condemned and the alleged remainders. The defendants contend that where the property sought to be taken and that contiguous to it are held in title by separate land trusts but with common and identical beneficiaries, the part taken and the remainder are to be considered as one parcel for the purpose of determining damages to the remainder.

The eminent domain petition was filed on July 9, 1974, to acquire property for the expansion of the Chain of Lakes State Park. The petition described property here referred to as Parcels 11 and 12. The La Salle trust as record owner of Parcel 11 and the Bowles trust as record owner of Parcel 12 were named as defendants. The cross-petitioner, R. A. Franzen, was made a party to the condemnation suit allegedly in his capacity as a taxpayer of record. The cross-petitioner, William Ziegler, was not made a party defendant.

The appearances of the La Salle trust, Bowles trust and R. A. Franzen were filed on July 24, 1974. On June 25, 1975, the trial as to Parcels 11 and 12 was set for August 25, 1975. On July 16, 1975, the above named defendants, without leave of court, filed a cross-petition alleging that Parcels 11 and 12, consisting of 245 acres, are a part of a larger tract "owned by said defendants" of which there is a remainder of approximately 167 acres in Parcel 11 (referred to in the briefs as the "West Remainder") in the same La Salle trust and an additional 189.7-acre remainder contiguous to Parcel 11 (designated Parcel 7, and referred to as the "North Remainder").

On August 7, 1975, petitioners filed a motion to strike the cross-petition alleging that it was not timely filed and that the title holders to Parcels 11 and 12 as well as Parcel 7 "are different for each of said parcels and there is therefore no unity of title * * *." The court struck the cross-petition on

the same date, with the finding that "title to Parcels 11, 12 and 7 are in different trustees, and that there is therefore no unity of ownership."

Ziegler and Franzen presented a second cross-petition on August 15, 1975, alleging that both Ziegler and Franzen were owners of the beneficial interests in the La Salle and Bowles trusts and that they were "actual owners of Parcel 7" (the North Remainder), with fee title in F. C. Brehm, trustee under Trust No. 630. Defendants' motion to reconsider was denied August 20, 1975. Defendants appeal from both the August 7 and August 20 orders.

Defendants essentially argue that the fact that Franzen and Ziegler have title to the North Remainder (Parcel 7) in a separate land trust from those holding title to the condemned parcels does not preclude their claim for damages. They reason that those with beneficial interests are in fact the proper parties to sue even though they do not have legal title; that a cross-petition may be filed by one other than a necessary party, *i.e.*, by the beneficiary or beneficiaries of a land trust; that unity of use between the part taken and the remainder is not an essential element of a cross-petition; but that in any event there is both unity of title and use in Parcel 11 and the West Remainder.

The State argues that the beneficiaries of an Illinois land trust owning only personal property are not necessary parties to condemnation proceedings and therefore had no right to file a cross-petition for alleged damages to the North Remainder (Parcel 7). The State further argues that the order of the trial court was proper for the additional reason that there has been no showing of either unity of use or unity of ownership between the part taken and the remainders.

■■ It has long been held that a beneficiary of a land trust is not a necessary party to condemnation proceedings against land held in title by a trustee. See *Chicago North Shore & Milwaukee R.R. Co. v. Title & Trust Co.*, 328 Ill. 610, 613 (1928). See also *Chicago Land Clearance Com. v. Darrow*, 12 Ill. 2d 365, 371 (1957). And see Ill. Rev. Stat. 1975, ch. 29, par. 8.31.

We do not agree, however, with the initial claim of the State that only a necessary party to the condemnation suit can cross-petition for alleged damages to property not taken.

Section 11 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 11) provides as material:

> "Any person not made a party may become such by filing his cross petition, setting forth that he is the owner or has an interest in property, and which will be taken or damaged by the proposed work; * * *."

■■ Under this section and section 2 of the Act (Ill. Rev. Stat. 1973, ch.

47, par. 2) the holder of an unrecorded interest in the property who is not a necessary party defendant to the condemnation proceedings may be entitled, nevertheless, to file a cross-petition. (*Illinois Power Co. v. Miller*, 11 Ill. App. 2d 296, 305-9 (1956).) In addition, a cross-petition is an appropriate method for a named defendant to seek compensation for other property taken or damaged by virtue of the condemnation and not described in the original petition. *Johnson v. Freeport & Mississippi River Ry. Co.*, 111 Ill. 413, 416-17 (1884).

■■ However, an abutting owner, no part of whose land is taken, cannot file a cross-petition in the eminent domain proceedings. (*County of Mercer v. Wolff*, 237 Ill. 74, 76-77 (1908). See also *City of Chicago v. A. J. Schorsch Realty Co.*, 127 Ill. App. 2d 51, 70 (1970).) The right to recover damages for injury to property from the construction of public works may be asserted by an adjoining owner as a plaintiff in an action at law where none of his property is actually taken (or as a defendant in an eminent domain proceedings for the condemnation of property actually taken). See *Illinois Power & Light Corp. v. Talbott*, 321 Ill. 538, 545 (1926). See also *Geohegan v. Union Elevated R.R. Co.*, 266 Ill. 482 (1915).

■■ As noted in *Johnson v. Freeport & Mississippi River Ry. Co.*, 111 Ill. 413, 416 (1884): "Where some property is damaged and other property is taken for public use at the same time, in many instances it would seem to be almost indispensable to the ends of justice that the questions should be considered together * * *." And as a general rule, the question of whether two pieces of land constitute one parcel within the principle permitting damages to be awarded for injury to remaining land is one of law for the court based on the interpretation of statutory and constitutional provisions (see Annot., 6 A.L.R.2d 1197, 1207 (1949)).

Here, in order to determine whether there is sufficient unity of ownership or interest between the parcels taken and the remaining land, we face the question whether a person who holds the beneficial interest under an Illinois land trust in the property to be taken, as well as in the adjoining property alleged to be damaged, "is the owner or has an interest in property which will be taken or damaged" which may be asserted by the filing of a cross-petition for severance damages. So far as we are aware, this question has never been directly decided.

There is authority which holds that owning a full fee simple in both the part to be taken and the part remaining is not a prerequisite so that in a proper case, severance damages may be awarded even where the owner of the part condemned has a right or interest less than full ownership in the remaining part. See *Chicago & Evanston R.R. Co. v. Dresel*, 110 Ill. 89, 92 (1884); *Indiana, Illinois & Iowa R.R. Co. v. Conness*, 184 Ill. 178, 182 (1900). See also Annot., 95 A.L.R.2d 887, §4 (1964).

The phrase "interest in property" as used in section 11 does not clearly require that there be legal or equitable interest in the real property being condemned. Undeniably the beneficiary of an Illinois land trust has a form of property interest. The beneficial interest, however, is not a direct interest in the real estate *res* of the trust.

The Illinois courts have guarded the incidents of land ownership represented by the land trust, construing the form of ownership as an active trust with legal and equitable title exclusively in the trustee. (See *Chicago Federal Savings & Loan Association v. Cacciatore*, 25 Ill. 2d 535, 543 (1962).) In *Cacciatore*, it was noted that a Federal tax judgment against the beneficiary of a land trust was not a lien against the real estate. The court reasoned that the principal purpose of the land trust device was to insure that purchasers of the real estate and lenders who rely on the sole security of the land trustee's title would be able to invest without fear of unknown encumbrances (25 Ill. 2d 535, 547).

A number of other cases have similarly guarded the incidents of land trust ownership. The beneficiary has not been allowed to accept the benefits of the land trust form and still contract to sell or otherwise deal with the real property as if he had legal or equitable title in himself. (See, *e.g.*, *Schneider v. Pioneer Trust & Savings Bank*, 26 Ill. App. 2d 463, 465-66 (1960) (beneficiary cannot accept an offer addressed to the land trustee); *Feinberg v. Great Atlantic & Pacific Tea Co.*, 131 Ill. App. 2d 1087, 1089-90 (1971) (beneficiary cannot enter into a lease as an agent of the trustee contrary to the express terms of the trust agreement).) The beneficiary cannot claim that he is a necessary party in foreclosure or eminent domain actions (see, *e.g.*, *Marshall v. Solomon*, 335 Ill. App. 302, 309-10 (1948); *Chicago Land Clearance Com. v. Darrow*, 12 Ill. 2d 365, 371); nor that he is entitled to notice as a beneficiary in proceedings to acquire title by a tax deed (*First Lien Co. v. Marquette National Bank*, 56 Ill. 2d 132, 136 (1973); *Petition of Lois, Inc. v. Halvorsen*, 5 Ill. App. 3d 149, 151 (1971); *In re Application of County Treasurer*, 113 Ill. App. 2d 50, 53-57 (1969)) and a Federal tax lien against a beneficiary does not attach as a lien against the real property in the trust superior to the lien of the mortgage executed by the land trustee. *Chicago Federal Savings & Loan Association v. Cacciatore*, 25 Ill. 2d 535, 544.

In litigation involving land trusts, the courts have determined whether a particular proceeding is properly brought by or against a beneficiary or the trustee or both by examining the nature of action in the light of the rights and duties established by the trust agreement. For example, the beneficiary has been held liable for negligence in the management and control of the real property in the trust, in his own right and not as an agent of the land trustee (*Brazowski v. Chicago Title & Trust Co.*, 280 Ill. App. 293, 301 (1935); see also *Levi v. Adkay Heating & Cooling Corp.*, 1

Ill. App. 3d 509 (1971)); and the beneficiary rather than the trustee has been charged with the responsibility for violation of the Dram Shop Act (*Robinson v. Walker,* 63 Ill. App. 2d 204, 207-10 (1965).) The beneficiary also has been ordered to remove a structure which encroaches upon an easement across the trust property. (*Keessen v. Zarattini,* 119 Ill. App. 2d 284, 293 (1970).) In addition, this court has held that the beneficiary of a land trust can redeem from the tax sale. *(In re Application of County Treasurer,* 16 Ill. App. 3d 385, 389-90 (1974).) Also, the beneficiary has standing to file a counterclaim to reform a lease in which the trustee, instead of the beneficiary, was mistakenly named as lessor (*Harden v. Desideri,* 20 Ill. App. 3d 590, 599 (1974)) and may maintain an action for rent. (*Klein v. Ickovitz,* 121 Ill. App. 2d 191, 195 (1970); *Bellows v. Ziv,* 38 Ill. App. 2d 342 (1962).) And the beneficiary has been permitted to file the mandamus suit to force a municipality to issue a building permit for construction on the trust property. See *Solomon v. City of Evanston,* 29 Ill. App. 3d 782, 788 (1975).

■■ We perceive that the principle which may be drawn in reconciliation of these cited cases is that a beneficiary who chooses the advantage of the land trust form of ownership may not also act contrary to the terms of the agreement as if he had legal and equitable title when it suits his convenience; and that one who deals with the trustee upon the security of the trust *res* is not subject to having his security impaired by the possibility of intervening interests he cannot anticipate.

■■ In general, however, it appears that the beneficiary is a proper party to litigation involving his rights and liabilities with respect to management and control, use, or possession of the property pursuant to the trust agreement. As this court has noted, one of the tests for determining the necessity or propriety of involvement of beneficiaries in litigation relating to land trust property is whether the trustee can protect the beneficiaries' interests. (*Chicago Title & Trust Co. v. Exchange National Bank.,* 19 Ill. App. 3d 565, 569-70 (1974). See also *Lipavsky v. 16th Street Building Corp.,* 267 Ill. App. 85, 89 (1932).) Here, the trustee Brehm cannot adequately represent the beneficiaries because he cannot claim any interest in the part to be taken and would be barred under the rule of *County of Mercer v. Wolff,* 237 Ill. 74. On the other hand if allegations are developed which demonstrate the kind of interrelationship between Parcel 7 and the land to be taken which would otherwise warrant consideration of a cross-petition for severance damages (see, *e.g., Chicago & Evanston R.R. Co. v. Dresel,* 110 Ill. 89), it seems contrary to good sense and efficient administration of justice to say that the parties with the right of use, management, and control of the two adjoining properties do not have "an interest in property * * * which will be * * *

damaged by the proposed work * * *" and must file a separate action at law.

In addition the case before us does not appear to present problems of safeguarding of the rights of creditors, the rights of the condemnor, or the rights of other third parties relying on the record state of the title should we look beyond the form of legal title and notice that while there is a different trustee entitled to the North Remainder there is, in fact, the commonality of beneficial ownership in both the part taken and the North Remainder.[1]

■■ We hold, therefore, that where there is complete identity between the holders of the beneficial interest in land trust property described in the condemnation petition and other property alleged to be damaged, the common ownership of the beneficial interest is sufficient to permit the filing of a petition for severance damages provided other requirements necessary to the filing of a cross-petition are met. See *Central Illinois Public Service Co. v. Rider*, 12 Ill. 2d 326, 331-34 (1957); *City of Chicago v. Equitable Life Assurance Society*, 8 Ill. 2d 341, 238 (1956).

However, because an injury to land trust property constitutes a single injury to the value of the legal and equitable interest of the trustee and the personal interest of the beneficiary, we further hold that in order to protect the condemnor from the necessity of defending a later action by the trustee and the possibility of double compensation, any cross-petition filed by the beneficiaries must be joined in by the trustee. We further note the argument of the State that the second cross-petition did not in fact allege that Franzen and Ziegler were beneficiaries of the Brehm Trust but inartfully stated that they were "actual owners of the North Remainder." However, the State will be protected in our view if on remand there is a proper allegation of beneficial ownership in an amended cross-petition which also joins the trustee under the Brehm Trust.

The State also argues that although the judge did not find it necessary to go beyond the unity of title issue, his order may be sustained on the basis that the defendants have not pleaded or shown unity of use between the property taken and the alleged remainders.

The defendants' response takes several forms. They first argue that the trial court rejected the unity of use issue and in fact evidenced this by striking from the August 7, 1975, order the words "and that there is no indication of unity of use." They also argue that defendants are not legally

---

[1] Title to the so-called West Remainder is in the same trustee holding title to the part taken and therefore there is not real claim of lack of unity of ownership as to that remainder. The State's argument as to the West Remainder would appear to be confined to the other issues which it has raised such as the unity of use and the claimed untimeliness of the cross-petitions.

required to allege unity of use in the cross-petition and that unity of use when relevant is a factual matter which is not before us on an appeal from a motion to strike the cross-petition. They also argue that where there is physical contiguity as between the part taken and the remainder, there is no requirement that unity of use be pleaded or proved.

■■ In support of the last argument defendants cite *White v. West Side Elevated R.R. Co.,* 154 Ill. 620 (1894), *City of Chicago v. Equitable Life Assurance Society,* 8 Ill. 2d 341 (1956), and past decisions reviewed in those opinions and suggest that a fair reading of the cases reflects that proof of unity of use is relevant only as a substitute for physical contiguity as between the part taken and the remainder. We do not agree that this is the holding in the cases cited. We read the cases as standing for the rule that the basic issue is whether the properties are so "interrelated as to warrant their consideration as a single unit." (*City of Chicago v. Equitable Life Assurance Society,* 8 Ill. 2d 341, 348.) Contiguity is an aspect of the "singleness" of the entire tract as to which physical contiguity and commonality of use are, of course, relevant inquiries. Physical contiguity may be an important factor in determining whether there is unity of use but it is not conclusive. See Annot., 6 A.L.R.2d 1197 (1949).

■■ While it is true, as defendants argue, that unity of use is not specifically mentioned in the statute permitting the cross-petition (Ill. Rev. Stat. 1973, ch. 47, par. 11) since the statute provides only that the cross-petitioner shall set forth that "he is the owner or has an interest in property, and which will be taken or damaged by the proposed work; * * *," there is indication in case law that unity of use is an essential element of a cross-petition. (See *Forest Preserve District v. Krol,* 12 Ill. 2d 139, 151 (1957); *cf. Lake County Forest Preserve v. Continental Illinois National Bank,* 35 Ill. App. 3d 942, 952 (1976).) However, this pleading deficiency is subject to correction by amendment. See *Johnson v. Freeport Mississippi River Ry. Co.,* 111 Ill. 413, 417-18; Ill. Rev. Stat. 1973, ch. 47, par. 5.

We do not agree with defendants' argument that the trial judge ruled in their favor upon this issue. A fair reading of the record indicates that the trial judge's decision that lack of unity of ownership was sufficient reason to strike the cross-petition caused him to go no further.

The State also argues that the cross-petition was not timely filed. Defendants argue that in ruling on the common ownership question the court necessarily must have first passed on the issue of timeliness in favor of defendants. However, it could also appear that the court did not reach the timeliness question because of his ruling on the unity of ownership issue.

The Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, par. 1 *et seq.*) sets

no time within which a condemnee must file a cross-petition. Under the case law the discretion to decide whether a cross-petition has been timely filed or is rather filed merely for the purpose of delaying a condemnation proceedings is vested in the trial judge. In *Central Illinois Public Service Co. v. Rider*, 12 Ill. 2d 326, 332 (1957), the trial court was held not to have abused its discretion in permitting the filing of a cross-petition during the impaneling of the jury. Where, however, there is a strong indication that the cross-petition is simply a delaying tactic, the discretion of the trial court is properly exercised in favor of denying leave to file the petition. See *Forest Preserve District v. Krol*, 12 Ill. 2d 139, 151. See also *Lake County Forest Preserve District v. Continental Illinois National Bank*, 35 Ill. App. 3d 942, 951.

■■ Here, however, the cross-petition was filed approximately forty days ·before the trial date. The trial judge had the issue before him by virtue of the State's raising the question of timeliness in its motion to strike the cross-petition. In ruling on the merits of the first cross-petition, we must conclude that the trial judge thereby exercised his discretion in permitting the filing of the cross-petition as timely.

We have also considered the State's further claims that relate to the sufficiency of the cross-petition and find them without merit.

We, therefore, reverse the judgment and remand the cause with directions to the trial judge to vacate the order of dismissal provided an amended cross-petition is filed within a time to be set by the court, and to thereafter proceed, all in conformity with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and HALLETT, J., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

In the opinion we hold that where there is complete identity between the holders of the beneficial interest in land trust property described in a condemnation petition and other property not taken but alleged to be damaged by the taking, the common ownership of the beneficial interest is sufficient to permit the filing of a cross-petition for severance damages to the remaining property provided other requirements necessary to the filing of cross-petition are met.

In the petition for rehearing the appellee notes that the beneficial interest in a land trust is an interest in personal property and submits that the case of *City of Chicago v. Albert J. Schorsch Realty Co.*, 127 Ill. App. 2d 51 (1970), is controlling on the question of whether a person who has

an interest in property which is not an estate in land is entitled to file a cross-petition for severance damages. In *Schorsch,* the cross-petitioner had an unexercised option to purchase one of the parcels taken. It also was the legal title holder of adjoining property not described in the condemnation petition. The court affirmed the trial court's ruling striking a portion of a witness's answer in which he described the option interest in response to the question, "Did you own any other real estate in the immediate vicinity of this property?" (*City of Chicago v. Albert J. Schorsch Realty Co.,* 127 Ill. App. 2d 51, 69 (1970).) The court also held that leave to file the cross-petition was properly denied because the defendant merely had an option to purchase one of the parcels taken, did not "own" it, and a mere intention on the part of the owner to put properties to a common use is not sufficient to allow a cross-petition in a condemnation action. (*Schorsch,* 127 Ill. App. 2d 51, 70.) We agree with the court in *Schorsch* that the mere fact that a property owner has an unexercised option to purchase neighboring property at the time of a filing of a petition to condemn that property does not establish a sufficient interrelationship between the two parcels as to warrant their consideration as a single unit within the principle permitting damages to be awarded for injury to land not taken. However, we do not agree with the appellee's contention that *Schorsch* is determinative of the question of whether one who has an interest in property which will be taken or damaged which is not an estate in land can maintain a cross-petition for severance damages.

■■ The basic question before the court was whether in the light of the relevant statutory and constitutional provisions, the ends of justice would be served by permitting the question of damages to Parcel 7 to be considered in the same proceeding in which the question of just compensation for the taking of Parcel 12 and part of Parcel 11 and damages to the part of Parcel 11 not taken are determined. In this regard, we agree with the statement of the court in the analogous of *Guptill Holding Corp. v. State,* 23 App. Div. 2d 434, 261 N.Y.S.2d 435, 437 (1965): "It would appear to us that the paramount constitutional requirement of just compensation must be allowed to prevail over the niceties of legal title advanced by the State." (See also *Erly Realty Development, Inc. v. State,* 43 App. Div. 2d 301, 351 N.Y.S.2d 457 (1974); cf. *M.T.M. Realty Corp. v. State,* 47 Misc. 2d 44, 261 N.Y.S.2d 815 (Ct. Cl. 1965).) Further, we note that our holding may serve the public interest by obviating the possibility that the appellee will be obliged to defend a separate action at law brought by the trustee of Parcel 7 to determine damages to that parcel.

It is true that the decision in *Chicago & Evanston R.R. Co. v. Dresel,* 110 Ill. 89 (1884), does not mention a cross-petition. However, where the

property described in the petition includes both that taken and that not taken, no cross-petition is necessary. *Commissioners of Lincoln Park v. Schmidt,* 375 Ill. 474, 476 (1941); *Central Illinois Public Service Co. v. Rider,* 12 Ill. 2d 326, 333 (1957).

Rehearing denied.

GUILD, P. J., concurs.